Floyd L. Carlisle, Respondent, *v.* John J. Bennett, Jr., Individually and as Attorney-General of the State of New York, Appellant.

(Argued May 21, 1935; decided July 11, 1935.)

*John J. Bennett, Jr., Attorney-General* (*John F. X. McGohey, Ambrose V. McCall* and *John R. O'Hanlon* of counsel), for appellant. The courts will not grant an injunction to restrain a public officer from performing an executive duty involving his discretion. (*Dunham* v. *Ottinger,* 243 N. Y. 423; *Enterprise Sav. Assn.* v. *Zumstein,* 67 Fed. Rep. 1000; *Matter of Mac Namara,* 128 Misc. Rep. 84; *Matter of Kenney,* 129 Misc. Rep. 708; *Britton* v. *Ottinger,* 222 App. Div. 663; *People* v. *Holmes,* 227 App. Div. 734; *Matter of Hoyt,* 233 App. Div. 826; 258 N. Y. 569; *Commonwealth Management Corp.,* v. *Bennett,* 242 App. Div. 784; *Royal Development Co.* v. *Bennett,* 241 App. Div. 791.) The complaint fails to state facts sufficient to entitle the plaintiff to the relief sought. (*Matter of Hirschfield* v. *Craig,* 209 App. Div. 555; 239 N. Y. 98; *Matter of Edge Ho Holding Corp.,* 231 App. Div. 595; 256 N. Y. 374; *Davis* v. *American Society,* 75 N. Y. 362; *Buffalo Gravel Corp.* v. *Moore,* 201 App. Div. 242; 234 N. Y. 542; *Biddles, Inc.,* v. *Enright,* 239 N. Y. 354; *Bachman* v. *Harrington,* 184 N. Y. 458; *Goldman* v. *Corn,* 111 App. Div. 674; *Uppercu* v. *Stevens,* 160 App. Div. 918; *Brighton-by-the-Sea, Inc.,* v. *Rivkin,* 201 App. Div. 726.)

*Randall J. LeBoeuf, Jr., William A. Winston* and *Thomas F. Fennell, II,* for respondent. No unlimited power of examination of all of a citizen's personal and business affairs is conferred upon the Attorney General by article 23-A of the General Business Law (Cons. Laws, ch. 29). (*Dunham* v. *Ottinger,* 243 N. Y. 423; *Matter of Davies,* 168 N. Y. 89; *Matter of Foster,* 139 App. Div. 769; *People* v. *American Ice Co.,* 120 App. Div. 234; *People* v. *Foster,* 204 App. Div. 295; 236 N. Y. 610; *Hirschfield* v. *Hanley,* 228 N. Y. 346; *Matter of Hirschfield* v. *Craig,* 239 N. Y. 98; *Boyd* v. *United States,* 116 U. S. 616; *Interstate Commerce Comm.* v. *Brimson,* 154 U. S. 447; *Hale* v. *Henkel,* 201 U. S. 43; *Harriman* v. *Interstate Commerce Comm.,* 211 U. S. 407; *Sinclair* v. *United States,* 279 U. S. 263; *Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385; *Coastwise Lumber & Supply Co.* v. *United States,* 259 Fed. Rep. 847; *Federal Trade Comm.* v. *American Tobacco Co.,* 264 U. S. 298.) The courts may prevent by injunction an administrative or executive officer from acting in excess of his authority to the injury of the individual. (*People* v. *Canal Board,* 55 N. Y. 390; *Matter of Young,* 209 U. S. 123; *American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94; *Santa Fe Pacific Ry. Co.* v. *Lane,* 244 U. S. 492; *Matter of Barnes,* 204 N. Y. 108.) The complaint states a cause of action for an injunction. (*Gilbert Paper Co.* v. *Prankard,* 204 App. Div. 83; *Moore* v. *Bonbright & Co.,* 202 App. Div. 281; *Royle* v. *McLaughlin,* 195 App. Div. 413; *Sage* v. *Culver,* 147 N. Y. 241; *People* v. *Canal Board,* 55 N. Y. 390; *Swift & Co.* v. *United States,* 276 U. S. 311; *Pierce* v. *Society of Sisters,* 268 U. S. 510; *Terrace* v. *Thompson,* 263 U. S. 197; *Interstate Commerce Comm.* v. *Brimson,* 154 U. S. 447; *Matter of Pacific Ry. Comm.,* 32 Fed. Rep. 241; *Entick* v. *Carrington,* 19 Howell's State Trials, 1029; *Matter of Marcus,* 139 Misc. Rep. 675; 255 N. Y. 630; *People* v. *Pecot,* 239 App. Div. 772; 262 N. Y. 681; *People* v. *Horvatt,* 142 Misc. Rep. 803.)

CROUCH, J. The Attorney-General, in the course of an investigation pursuant to the provisions of the Martin Act (General Business Law [Cons. Laws, ch. 20], art. 23-A), caused four subpœnas to be served upon Floyd L. Carlisle. Each subpœna commanded him to appear and attend before the Attorney-General at a specified time and place to testify and to produce certain specified written data and information, " which the Attorney-General deems relevant and material to the inquiry." Thereupon, this action was commenced for an injunction restraining the Attorney-General (1) from examining the plaintiff or his books, papers or documents; (2) from requiring the production of the specified data and information; and (3) from taking any steps to punish plaintiff for failure to obey the command of the subpœnas. A motion by the defendant for judgment dismissing the complaint on the ground that it did not state facts sufficient to constitute a cause of action was denied below. The question of sufficiency has been certified to this court.

The complaint, apart from formalities, alleges that on August 27, 1934, defendant caused to be served upon plaintiff subpœnas requiring plaintiff to appear at a certain time and place " to testify regarding the practices of Niagara Share Corporation of Maryland and Floyd L. Carlisle and others not named in said papers in the issue, negotiation and sale of securities in and from the State of New York, and to produce at such time and place the following:

" A transcript of all loan accounts of Floyd L. Carlisle from 1925 to date, whether in his own name or in the name of another, giving name in which held, names of all corporations, companies, or individuals, with addresses, from whom he borrowed or to whom he loaned, directly or indirectly, money, securities, or other things of value, with itemized list of collateral pledged, if any.

" A complete list of all bank and brokerage accounts of Floyd L. Carlisle from January 1, 1925, to date, with

dates of accounts, whether in his own name or in another's, and if in another name, the name and address of the company or individual holding it.

" A complete list from January, 1925, to date of all of the corporations or companies of which Floyd L. Carlisle has been an officer, director, or stockholder or with which he has been connected in any way, directly or indirectly, or from which he has received any remuneration, with dates and details of transactions.

" Transcript from January, 1925, to date of all purchases, sales, deals, options and/or contracts concerning securities of Niagara Share Corporation of Maryland and/or Niagara Share Corporation (of Delaware) and/or Buffalo, Niagara & Eastern Power Corp. and/or of Niagara Hudson Power Corp., entered into by Floyd L. Carlisle for his account or for the account of any partnership, corporation, company, trust or association with which he has been connected as officer, director, partner, trustee or otherwise."

It then alleges that from the year 1925 to date and also for a long period of time prior thereto plaintiff has been and now is engaged in numerous and varied business and corporate activities other than the issue, negotiation or sale of securities in or from the State of New York, to wit, the manufacture of paper and paper products, of rayon (artificial silk) products, of bags and other containers, and banking and other activities; that in connection with such other business activities and in connection with his own personal affairs, plaintiff has loaned and borrowed money, has maintained bank accounts and has received remuneration and income in the form of salaries, fees, dividends and interest from various corporations, for purposes having no relationship to the issue, negotiation or sale of securities in or from the State of New York by the plaintiff or by Niagara Shares Corporation of Maryland, or by any other individual, corporation or association. The complaint then charges, in substance, that the

requirement of production by plaintiff of the information and data specified in the subpœnas is arbitrary and unreasonable, and beyond the powers of defendant to require, so far as it relates to these other activities; and that the proposed examination of plaintiff and the required production of data and information without limitation to matters connected with the subject of the investigation will cause plaintiff irreparable injury and will deprive plaintiff of his liberty and property without due process of law; and, finally, that plaintiff has no adequate remedy at law.

In making an investigation under the power granted to him by section 352 of the General Business Law, the Attorney-General acts as an executive official performing an administrative duty. (*Dunham* v. *Ottinger*, 243 N. Y. 423, 433.) The statute says he may " require the production of any books and papers which he deems relevant or material to the inquiry." The contention of the Attorney-General is that the exercise of a discretion reposed in him as an executive official by the Legislature cannot be supervised or controlled by the courts. (Cf. *Enterprise Savings Assn.* v. *Zumstein*, 67 Fed. Rep. 1000.) To the extent that the Legislature itself has power to confer discretion upon an executive, the general rule, as stated, may be accepted. But there are limits to the power of the Legislature. It could not confer upon an executive an arbitrary and unbridled discretion as to the scope of his investigation. However broad the statutory language may be, the discretion must be exercised within bounds circumscribed by a reasonable relation to the subject-matter under investigation and to the public purpose to be achieved. So we have said that " the statute does not commission the Attorney-General to embark upon any roving course for the purpose of generally prying into the affairs of any person." (*Dunham* v. *Ottinger*, *supra*, 433.) The power to require a witness to produce books and papers is necessarily limited to a

" proper case," even though those words are not expressly used in the statute here as they were in the statute considered in *Matter of Hirshfield* v. *Craig* (239 N. Y. 98). A proper case is ordinarily one where the books and papers called for have some relevancy and materiality to the matter under investigation. (*Matter of Davies*, 168 N. Y. 89; *Matter of Hirshfield* v. *Craig*, *supra*, 118; *Dunham* v. *Ottinger*, *supra*.)

Since there is a limit to the exercise of the Attorney-General's discretion, the witness subpoenaed has the right to secure an adjudication as to whether that limit has been exceeded. To secure such an adjudication is the purpose of this action. If we were to pass upon the sufficiency of the complaint on its merits, it would be difficult to say that it should be dismissed. Even in the face of our own warning against prophecy at a preliminary stage of a contest (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 381, 382) the facts alleged, which we must take as true, seem to envisage forbidden pastures. The motion, however, challenges the pleading at all points. We think it insufficient, since, upon the facts alleged, there is an adequate remedy at law by motion to quash, vacate or modify the subpoenas. That remedy is not only adequate; we have said that it was " the proper remedy." (*Matter of Hirshfield* v. *Craig*, *supra*, p. 118. Cf., also, *Matter of Hoyt*, 233 App. Div. 826; affd., 258 N. Y. 569; *People* v. *Holmes*, 227 App. Div. 734; *Matter of Kenney*, 129 Misc Rep. 708; *Matter of MacNamara*, 128 Misc. Rep. 84; affd. 218 App. Div. 822.)

The orders should be reversed, with costs in this court and in the Appellate Division, and the motion granted. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.