Russell G. Hunt, J.
This is an application by the petitioner to quash the subpoena issued by the respondent and directing the petitioner to appear and testify at a private hearing in New York City.
It is within the bounds of the powers of the judicial branch of government to concern itself when an agency of the State, such as the respondent, is charged, as herein, with harassment and lack of good faith in the issuance of a subpoena to attend before it or its representatives for examination. In such case, ‘‘ the courts should and will be quick and firm in halting the exercise of * * * powers for irrelevant, illegitimate or oppressive examinations or purposes ” (Matter of Hirshfield v. Hanley, 228 N. Y. 346, 349). Contrary to the respondent’s argument, the petitioner, under subpoena as a prospective witness, does have a right to an adjudication as to whether the issuance of a subpoena exceeds the limit of lawful authority, and, the proper method of testing (as was done herein) is to move to vacate or quash the subpoena (Carlisle v. Bennett, 268 N. Y. 212); the subpoena power can be limited by the court (Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868) and a “roving course” prohibited and restraint placed on *1095 “ an arbitrary and unbridled discretion ” (Carlisle v. Bennett, supra, p. 217). No public official or body is beyond the reach of the judicial power where there is involved the protection of constitutional rights (Youngstown Co. v. Sawyer, 343 U. S. 579).
In this case, it appears that the petitioner, the Purchasing Agent of Albany County, was first subpoenaed (the date of service is not given) to appear and attend before the commission at Albany, the seat of State Government, and, of the commission, also. That subpoena (dated Nov. 13, 1961) called upon him to appear on January 3, 1962, “ to testify and give evidence as a witness at a private hearing to be held in connection with an investigation relating to the public institutions of the County. ’ ’ The subpoena called for the production of official records and papers. The petitioner appeared with records and testified. The hearing was interrupted by a dispute between opposing counsel as to the breadth and meaning of the provisions of the subpoena. The dispute became acrimonious and, allegedly, the commission’s counsel threatened to discontinue the examination and issue a new subpoena. The examination, however, continued, and, apparently, concluded on the same day. It does not appear that the chairman of the commission, John W. Ryan, Jr., was present at the hearing on the 3d, but, it appears that he signed a subpoena on the 4th which was served on that day upon the petitioner herein requiring the latter to appear and attend at a private hearing to be held at New York City on January 10, 1962, at 2:00 p.m., on the same subject matter, allegedly. This time the subpoena irrelevantly broadened the scope by adding the phrase “ relating to but not limited to ” the subject matter which was inquired into the day before at the commission’s office in Albany; thus, it does not state the subject matter of the second inquiry and, hence, runs afoul of section 73 of the Civil Rights Law.
The opposing affidavit herein and on behalf of the commission sets forth “ the Commission issued a second subpoena to the petitioner in order to clarify for him the authorized scope of the investigation and to eliminate any possible excuse for feigning confusion.” This declaration of purpose and intention, which it is proper to consider now (Matter of Dawn Operators v. Lyon, 283 App. Div. 358), is emphasized by the omission from the subpoena of the direction contained in the first subpoena to produce books and records. The second subpoena was personal. Emphasized, too, is its nonrelation and irrelevancy to the subject matter of the examination, that its issuance was in excess of the powers of the commission and an abuse of discretion. The purpose and intention expressed and the method employed “ offends a sense of justice ”. (Rochin *1096 v. California, 342 U. S. 165,173). “ Where discretion is absolute man has always suffered” (United States v. Wunderlich, 342 U. S. 98, 101) and it “ makes government oppressive” (id., p. 102).
The requirement that the petitioner appear at a private hearing in New York for the stated purpose expressed in the commission’s opposing affidavit is a peculiarly unexplainable one. The petitioner calls it harassment. The commission makes no explanation other than that stated above and that expresses an improper purpose and an abuse of power. Others subpoenaed to testify regarding the same subject matter were examined in Albany and some were called back and examined on more than one occasion in Albany and the petitioner herein does not object to being examined in the same place. Albany has been the site of private and public hearings held by the commission in other years.
It is in the light of the foregoing that the petitioner has leveled the charge that “ the sudden transfer of the site for petitioner’s hearing” (reveals) “that harassment has entered the picture and that the Commission’s answer to objections voiced by the petitioner in good faith, is to burden him unnecessarily and unreasonably with the inconvenience of going a long distance to meet the inquiry. Such tactics of the Commission certainly indicate bad faith.”
Upon the facts developed herein, the issuance of the subpoena was a compulsive reaction to petitioner’s standing upon his counsel’s advice in the first examination, it was in excess of the commission’s powers (see L. 1958, ch. 989, § 2), an abuse of power and was designed to harass, annoy and burden petitioner by compelling him to leave his own vicinage and to attend, with counsel, at a distant place at considerable expense to him (cf. Mach v. People, 82 N. Y. 235, 236; 4 Blackstone’s Comm., pp. 349-350) all for the improper and irrelevant purpose stated above. The subpoena is quashed.