Bussell G. Hunt, J.
This is an application by the petitioner to vacate a subpoena duces tecum served upon him by the respondent. The subpoena requires the production of numerously named books and records at the respondent’s office in New York City.
Under date of March 13, 1962, the Supreme Court, Appellate Division, Third Judicial Department, affirmed an order of this court made November 17,1961, directing the return to petitioner of illegally seized records belonging to him. (15 A D 2d 981.) Pending the appeal by the respondent from the order of November 17, 1961, and before it was determined, the respondent sought to compel the petitioner to appear before it at its office in Albany and to produce all his records pursuant to three subpoenas served on January 17, 1962, and January 18, 1962. On January 24, 1962, an order was signed by this court requiring the respondent to show cause why the subpoenas should not be quashed or vacated for the reasons stated therein and in the meantime the production of the records and the examination were stayed. That order was made returnable on January 29, 1962, and at that time decision was reserved on the application and the stay was continued pending the determination of the appeal which was then pending before the Supreme Court, Appellate Division. Again, the respondent, under date of January 26,1962, served the petitioner with a subpoena duces tecum to produce his records, and, this time, he was directed to appear before the respondent, not at its main office in Albany, but, he was directed to appear before it at another office at No. 270 Broadway in New York City, on February 1,1962.
In this posture of the proceedings, and, consistent therewith, and to preserve the pending status, this court by order to show cause dated January 31, 1962, required the commission to show cause on February 1, 1962, why this latest subpoena should not be quashed or the examination thereunder stayed until the disposition of the question then involved in the appeal to the Supreme Court, Appellate Division, as aforesaid, and all proceedings were stayed as therein provided. It is this state of the record which causes the petitioner to complain “ that the Commission is entering into a course of premeditated harassment ”. In this connection, see Matter of Ryan v. Temporary *1098 State Comm. of Investigation (33 Misc 2d 1094); see, too, Matter of Saratoga Harness Racing Assn. v. Monaghan (9 Misc 2d 868).
Upon the return on February 1, 1962, of the last order to show cause (dated Jan. 30, 1962) the respondent’s counsel, upon the call of the motion for argument, advised that the respondent then withdrew the prior subpoenas and it requested that the matter of the remaining, or, last, subpoena be adjourned one week and this was done, the stay to continue. Upon February 8, 1962, the adjourned date, the application was argued, and, thereafter, was finally submitted upon the filing of briefs.
Under date of March 13, 1962, the Appellate Division of the Supreme Court, Third Department, handed down its decision on the appeal referred to above and it directed the return of the illegally seized records, but, with respect to any copies thereof taken by respondent and any work product therefrom or from the originals, the same were directed by the higher court to “remain impounded in the office of the Secretary of State until the further order of any court of competent jurisdiction in a proceeding instituted by either party, if so advised, relating to the use or possession thereof.” (15 A D 2d 981, 982.) Thereafter, and under date of March 16, 1962, the petitioner herein, by order to show cause, sought to bring on an application to obtain the return of the aforesaid copies and work product which had been impounded with the Secretary of State pending “ a proceeding instituted by either party ” (id.), and, pending the determination of that application, the respondent was “ stayed from any further examination of deponent and/or his records” (see, order of March 16, 1962). Under date of March 22,1962, by order made by a Justice of the Appellate Division the petitioner herein was directed to show cause before that court on April 5, 1962, why the order below, dated March 16, 1962, should not be modified by vacating the stay respecting the examination of petitioner and the production of his records. On May 15, 1962, the Appellate Division handed down its decision and modified the stay of March 16, 1962, 1 ‘ to allow respondent * * * to subpoena and examine in accordance with law the petitioner and relevant books or documents in his possession or control. We do not reach or pass upon the merits of the question before the court at Special Term whether the notes and work-product of the respondent based upon the petitioner’s records, impounded in the office of the Secretary of State by an order, should be returned with the records; or suppressed. The stay of March 16, 1962, to the extent only it precludes present utilization of the impounded material by the respondent, is not affected by this decision.”' (16 A D 2d 859.)
*1099 On March 23,1962, on the return at Special Term of the order to show cause, dated March 16, 1962, the Clerk of the court handed up a copy of the aforesaid order of the Appellate Division Justice, dated March 22, 1962; thereupon, the court, at Special Term adjourned the application to Supreme Court chambers to be brought on for argument by either party on five days ’ notice to the other; this has not yet been done. That motion is still pending.
The present application and the one now before this court (i.e., pursuant to the order to show cause, dated January 30, 1962) stays the respondent’s subpoena duces tecum which required the petitioner to produce at the respondent’s office in New York City all of his books and records for the years 1959 and 1960 ‘ ‘ which shall include but not be limited to the following: general ledgers, general journals, cash books, payroll records, accounts receivable and payable ledgers, cancelled checks, check stubs and bank statements, sales invoices and records, purchase books and purchase invoices and price inquiry forms and purchase orders.”
It was these records, in whole or in part, which the Appellate Division decision of March 13, 1962, held were illegally seized and their return was directed. These were the subject of the application made by order to show cause dated March 16, 1962, and it is this motion which was returned by the Appellate Division by its decision of May 15,1962.
The impression that the respondent seeks to impose is that the petitioner can be compelled, by means of a subpoena duces tecum, to convey his records to a distant place and to not only produce them there but to deposit and leave them with the prosecutor or other person conducting the examination. This is far from the requirements of the law. The examiner has no right to inspect any records produced. The subpoena duces tecum is not for the purpose of enabling a prosecutor or an examiner to discover if what he wants is there. “ Papers are the owner’s * * * property; and are so far from enduring a seizure, that they will hardly bear an inspection; and though the eye cannot * * * be guilty of a trespass, yet where private papers are removed and carried away, the secret nature of those goods will be an aggravation of the trespass, and demand more considerable damages in that regard” (Entick v. Carrington, 19 Howell’s State Trials, 1030, 1066). The prosecutor has no right to impound and his pre-emption of that function of the judicial branch of government may constitute an unlawful search and seizure. In a concurring opinion by Judge Ftjld in People v. Lane (10 N Y 2d 347, 357) it was said *1100 that the courts cannot ‘ ‘ give sanction * * * to the corrosive doctrine that the end justifies the means.”
The evidence now sought was that which had been illegally seized in violation of fundamental law and is inadmissible. This holding is made with less difficulty than in People v. Loria (10 N Y 2d 368) where the trial and conviction of the defendant were had before the decision, on June 19, 1961, in Mapp v. Ohio (367 U. S. 643). In the present case, the illegal search and seizure took place on November 14, 1961, and was subsequent to Mapp v. Ohio (supra) and the law “ as it presently exists ” (People v. Loria, supra, p. 371) should be applied. The Fourth Amendment of the Constitution of the United States protects against unreasonable governmental intrusion into the privacy which all of us are entitled to and “ any evidence discovered as a result of such an intrusion is now constitutionally tainted and inadmissible in a State court (Mapp v. Ohio, supra) ” (People v. Loria, supra, p. 372). This applies to all the records which the respondent has subpoenaed unless respondent can establish those records which are not “tainted” (id.). Admissibility of the fruits of the illegality is prohibited. “ To forbid the direct use of (these) methods * * * but to put no curb on their full indirect use would only invite the very methods deemed ‘ inconsistent with ethical standards and destructive of personal liberty.’ What was said in a different context in Silverthorne Lbr. Co. v. United States (251 U. S. 385, 392) is pertinent here: ‘ The essence of a provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the court, but that it shall not be used at all ’ ” (Nadone v. United States, 308 U. S. 338, 340-341). Knowledge gained as a result of an illegal search and seizure is barred and evidence so obtained from one who might be a target cannot be used against him (People v. Steuding, 6 N Y 2d 214; People v. Laino, 10 N. Y. 2d 161) and there is the serious question if immunity could be conferred by respondent to one compelled to attend and to testify, even if offered by it (see New York Const, art. I, § 6; People v. Steuding, supra, pp. 216-217). The use of a subpoena duces tecum to give legal color in furtherance of an illegal search is impermissible (Silverthorne Lbr. Co. v. United States, supra).
Upon the papers herein, the issuance of the subpoena duces tecum was in excess of the respondent’s powers, an abuse of discretion and designed to harass, annoy and burden by compelling the petitioner to attend with counsel, at a distant place at considerable expense to himself (see Matter of Ryan v. Temporary State Comm. of Investigation, 33 Misc 2d 1094, supra). The subpoena is quashed.