Russell G-. Hunt, J.
The respondents served on the petitioner, John Cantwell, on April 18,1962, a subpoena duces tecum to appear at a private hearing on April 25,1962, at Albany, and to produce certain books and records of the County of Albany in relation to respondents’ investigation, then under way since November, 1961, into the purchases of goods and materials by the County of Albany. At the same time, the respondents served a subpoena upon the County Attorney, John J. Pennock, Esq., to appear and testify before it, not at Albany, but, at No. 270 Broadway, New York City, on April 24,1962, in relation to the same subject matter. Also, at the same time, the respondents served upon the Albany County Sheriff, William F. Rice, Jr., a subpoena duces tecum to appear and testify on April 25,1962, at Albany, however, in the same subject matter and to bring with him certain records relating to the Albany County Jail.
Sheriff Rice, accompanied by the County Attorney, Mr. Pennock, appeared on the appointed day and testified that he did not have the records sought; that pursuant to action by the County Board of Supervisors the books and records were taken in connection with a post audit directed by the board. Mr. Rice has sought to quash the subpoena. So, also, Mr. Cantwell and Mr. Pennock.
Orders to show cause why the subpoenas should not be quashed, with stays of proceedings pending determination, were obtained by the three persons named above. In the cases of Messrs. Rice and Cantwell, the respondents obtained orders to show cause from a Justice of the Appellate Division of this court, Third Department, why the stays below should not be vacated; these orders were made returnable on May 1, 1962. By decision of May 15,1962 (16 A D 2d 859), preliminary questions were settled and the main question was held pending action by Special Term if before June 12,1962. This date was extended to July 9,1962, by decision of June 27,1962 (16 A D 2d 1017), when it appeared that the motion had not been brought on for argument before Special Term. The decision of June 27, 1962, provided “ that respondents proceed with due diligence to bring on for determination the pending proceedings before Special Term presently in adjournment at their instance ”. That has been done by a *935 submission upon the papers served by the petitioners and the respondents. It should be noted that the matter of Mr. Pennoc^’s.proceeding was not brought on by the respondents before the Appellate Division at the same time with the Cantwell and Rice proceedings. The Appellate Division bracketed the motions in the Rice and Cantwell cases and this was followed by the parties and will be continued.
Mr. Cantwell is a certified public accountant engaged in independent practice. He was engaged by the County of Albany in the latter part of March, 1962 to conduct a preliminary or “pilot survey in contemplation of an over-all nost audit of purchases by the County of Albany of goods and materials.” It appears that in connection therewith he received ‘ ‘ certain books and records of the County” which were to be returned and not “ to be released to anyone [other than the County Attorney] or any other person [unless] authorized by the Chairman of the Board of Supervisors.” It further appears that Mr. Cantwell’s work was undertaken pursuant to the direction of the Chairman of the Board of Supervisors ‘ ‘ in respect to having a post audit of purchasing accounts of the County.”
The occasion for the subpoenas, it can be presumed, was the action of the county officials in undertaking a preliminary step to action by the Board of Supervisors (which action was taken unanimously) in authorizing a post audit. The officials did not act precipitously. The respondents had been conducting their investigation from their Albany office since the previous November and it was accompanied by great newspaper publicity which has and is continuing with innuendoes of varying shades and meanings and in advance of an official report bv respondents. The county officials had co-operated fully with the respondents’ numerous lawyers, accountants, examiners and investigators, all located in Albany. In January, 1962 the county officials had permitted the respondents’ representatives to take original records from the County Ann Lee Home and, otherwise, these representatives examined and copied records in various county offices, including the County Jail. The County Attorney repeatedly demanded the return of the County Home’s original records but the respondents had refused; the retention of the records by the respondents is extra legem (Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959).
It appears that in March the Chairman of the Board of Supervisors directed the County Attorney to engage the independent certified public accountant for a preliminary survey of the records relating to county purchases, and this resulted in the Board of Supervisors’ action of April 23 directing the post audit *936 and the refusal of access to books and • records by other- than county officials until the release, thereof :by the board or as the board otherwise permits. There is no showing in the.-papers herein that the board has refused permission for the respondents to further examine records or even that the respondents have requested such additional examination. It cannot be presumed that the board would deny respondents’ request pursuant to section 4 of chapter 989 of the Laws of 1958.
There is no basis in fact for the respondents’ assertion that the county’s post audit is not in good faith. The contrary is the fact. The Board of Supervisors unanimously passed three resolutions relating to the post audit and it.has received two interim reports, copies of which are included amongst the papers submitted hereon. These are self-explanatory. The facts show that the county’s post audit is progressing in good faith and-that the board is being kept informed.
The second argument advanced by the respondents is that it has a “ right ” (see, par. 13 of affidavit of Arnold M. Weiss, Esq., Assistant Counsel of respondents, in lieu of an answer; the affidavit is considered, however, as an answer in order to reach the merits, cf. Matter of St. Clare’s Hosp. v. Breslin, 14 A D 2d 380, 382) which is “ superior and paramount ” (id.) in relation to the Board of Supervisors and therefore the latter is subordinate to the respondents. The Board of Supervisors, however, is a constitutional body (N. Y. Const., art. IX, § 1) having both legislative and administrative powers and duties whereas the respondents are what their name says they are, a “temporary ” agency having limited functions, powers and duties, none of which authorize them to supersede the governing board of a county. The respondents have no “ rights ” per se. The temporary or transitory nature of the respondents is emphasized by section 3 of chapter 989, wherein the Legislature made certain that the respondents’ powers are, in law, subordinated to those of the departments of the State 11 or any political subdivision thereof ”. The Board of Supervisors is not to be superseded in the exercise of its powers, one of which is the power of post audit.
The respondents’ past actions and deeds suggest there is merit to the position that to surrender the county records is to lose them. The respondents are wrong in impounding books and records (Matter of Beatty v. Temporary State Comm. of Investigation, 33 Misc 2d 1096, revd. on other grounds 16 A D 2d 1021). The respondents should proceed, more properly, by way of an application to the board to examine books and records and *937 thereby give due recognition to the board’s dominant role in our constitutional form of government.
Mr. Cantwell as an independent practitioner of accounting and Sheriff Rice have no possession of county records which is superior to the possession of the Board of Supervisors. As the board can act only through agents or representative, it must follow that the latter are subject to the board’s directions and the board having acted it is presumed that its act is valid until the contrary is shown (Buttfield v. Stranahan, 192 U. S. 470). The subpoenas are quashed.