■ In the Matter of JOHN CANTWELL, Respondent, v. MYLES J. LANE et al., Individually and Constituting the Temporary State Commission of Investigation of the State of New York, Appellants. In the Matter of WILLIAM F. RICE, JR., as Sheriff of the County of Albany, Respondent, v. MYLES J. LANE et al., Individually and Constituting the Temporary State Commission of Investigation of the State of New York, Appellants.— Appellant, Temporary State Commission of Investigation of the State of New York, issued its subpoena dated April 16, 1962 commanding respondent Cantwell, a certified public accountant, to appear before it at its office in the City of Albany, New York, on April 25, 1962 and to bring with him certain books and records relating to the purchase and receipt of goods and services by the Albany County Jail and to the intramural distribution of supplies therein for the calendar years 1958 to 1961, both inclusive. An identical subpoena duces tecum was issued and served upon respondent Rice, Sheriff of Albany County, who appeared at the time and place designated in the process without the pertinent records stating as the reason for his failure to produce them that a resolution of the Board of Supervisors of the county forbade their release without its approval. On April 21 Cantwell obtained in the Supreme Court an order directing the commission to show cause on April 24 why the subpoena commanding his appearance should not be vacated; pending the determination of the motion its enforcement was stayed. Rice obtained a similar order dated April 25 and returnable on May 1. The motions were informally consolidated and thereafter regarded as a single proceeding. On April 23, 1962 the Board of Supervisors of Albany County adopted resolutions authorizing, pursuant to section 210 of the County Law, a post audit of the books, records and papers pertaining to purchases by the County of Albany for the period from January 1, 1958, engaged Cantwell to conduct it, made the records available to him for the purpose and appropriated moneys to compensate him for his services. The authorizing resolution, in part, provided: "RESOLVED, That in no event shall these books, records and papers and reports thereon be released to any other person or persons without approval of the * * * Board of Supervisors". On July 23, 1962 Special Term granted the relief sought holding that because of the temporary structure of the commission its statutory investigative power was subordinate to that of the permanent governing board of the county to conduct a post audit and that "The respondent should proceed, more properly, by way of an application to the

Board to examine books and records and thereby give due recognition to the Board's dominant role in our constitutional form of government." The commission appealed. In quashing the subpœnas we think that Special Term erred. Doubtless both the State commission and the county board are empowered by separate statutes to examine and investigate matters relating to the purchase and use of goods, services, supplies and foodstuffs by the Sheriff. (County Law, § 210; L. 1958, ch. 989, § 2, subds. 1, 11.) This is not to say, however, that a political subdivision of the State and subject to legislative control (*Matter of County of Cayuga* v. *McHugh,* 4 N Y 2d 609, 614) may thwart or stifle its temporary investigative arm by instituting a concomitant municipal examination and sealing off access to pertinent documents. It is abundantly clear that the Legislature did not so intend. (*Matter of Herlands* v. *Surpless,* 258 App. Div. 275, affd. 282 N. Y. 647.) Moreover, in the instant case we perceive no basis for the contention that obedience to the subpœnas will interfere with the county examination. More than six months have elapsed since it learned that the appellant commission proposed to examine the records of the jail, a period during which it would seem that the directed post audit reasonably could have been completed. Order reversed, on the law and the facts, without costs; the subpœnas reinstated and respondents directed to comply therewith at a time and place to be fixed in the order to be entered hereon. Settle order. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur. [34 Misc 2d 933.]