Van Voorhis, Burke and Bergan, JJ.
(dissenting). The power of the Attorney-General is not absolute. This is a State antitrust investigation of the milk industry, in which appellant is not claimed to have been engaged. He was the purchasing agent of Albany County. He enters the picture, insofar as the record indicates, due to the circumstance that an investigation by the State Investigation Commission disclosed identical bids for milk supplied to two Albany County institutions for the years 1958 through 1962. Appellant’s testimony in regard to that has been taken under oath and stenographic records made which have been in the files of the Attorney-General since 1963. Appellant avers that this is the only information which he has concerning the milk industry, which is probable and seems to be unquestioned. He has already been called upon to make numerous trips to New York City to testify before the State Investigation Commission, which would seem to be enough. *980 “ Since there is a limit to the exercise of the Attorney-General’s discretion, the witness subpoenaed has the right to secure an adjudication as to whether that limit has been exceeded ’ ’ (Carlisle v. Bennett, 268 N. Y. 212, 218; Dunham v. Ottinger, 243 N. Y. 423, 433; Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868).
Appellant might well be asked to show the records of the county’s purchases of milk during the periods in question. He has not been called upon to do so on this occasion (this is not a subpoena duces tecum) for the reason that this information apparently has already been obtained by the State Investigation Commission in papers which are in the possession of the Attorney-General. There is a limit to the Attorney-General’s power, which we think has been reached here.
The order of the Appellate Division should be reversed and that of Special Term reinstated.
Order affirmed, etc.