■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VITO PASTORE, Respondent. (And Six Other Actions.)—Order unanimously reversed, on the law, indictments reinstated, and matter remitted to Onondaga Supreme Court for further proceedings in accordance with the following memorandum: Seven indictments of respondents were returned by a Grand Jury in Cayuga County, and we ordered their transfer to Onondaga County for trial. Respondents moved, among other things, for a bill of particulars, discovery and inspection, suppression of evidence, declaration that section 70-a of the Executive Law under which the indictments were found is unconstitutional and a determination that the subpoenas issued by the People were invalid for failure to comply with section 73 of the Civil Rights Law. Under stipulation between counsel and the court only the constitutionality of section 70-a of the Executive Law and the question of compliance with section 73 of the Civil Rights Law were argued and decided; and the remaining aspects of the several motions were reserved for later consideration. In *People v Rallo* (46 AD2d 518) we assumed the constitutionality of section 70-a of the Executive Law and held that it was applicable to the facts of that case (see, also, *Matter of Di Brizzi [Proskauer],* 303 NY 206, 214–215; *Carlisle v Bennett,* 268 NY 212, 217–218). The statute is to be construed in a manner to protect constitutional safeguards, where possible, to avoid a declaration of unconstitutionality *(People v Epton,* 19 NY2d 496, 505–506, cert den *sub nom. Epton v New York,* 390 US 29; *Matter of Fay,*

291 NY 198, 206–207). The provision in the statute making it a class A misdemeanor for one subpoenaed to refuse "without reasonable cause" to respond (Executive Law, § 70-a, subd 4) affords the necessary constitutional safeguard (*Dunham v Ottinger,* 243 NY 423, 433–434). Clearly, the statute contemplates that the Organized Crime Task Force (OCTF) exercise an investigative and prosecutorial role with regard to multijurisdictional criminal activities (see Executive Law, § 70-a, subd 7; *People v Rallo,* 46 AD2d 518, 525, *supra;* Legislative Findings, 1970, ch 1003, § 1, pars 2, 3; and Governor's memorandum on approving Executive Law, § 70-a; NY Legis Ann, 1970, pp 535–536). Since the arguments on the motion focused on the constitutionality of the statute and not on the facts which could support its application, the matter is remitted to afford the parties an opportunity to develop jurisdictional facts. Appellant concedes that OCTF did not formally comply with the provisions of section 73 of the Civil Rights Law which prescribe a code of fair procedures for investigating agencies. Appellant contends that OCTF is not an "agency" to which the statute applies. We agree with Special Term that OCTF is such an agency, requiring compliance with the statute. Whether respondents were substantially given the notice required by that statute is not clear from the record before us and a question of fact may be presented in that respect. Moreover, some respondents claim that they were not properly notified of their *Miranda* rights (384 US 436), to wit, their right to counsel and to refrain from self incrimination. Since the court did not address itself to these contentions, on remission evidence in respect thereof may be presented and that issue determined. There is no merit in the contention that the subpoenas fail to identify the scope and nature of the investigation. Any technical defect in the subpoenas was waived by failure of respondents to move to quash them and by their compliance therewith, insofar as they did comply (see *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 256; *Carlisle v Bennett,* 268 NY 212, 218, *supra; United States v Wolfson,* 299 F Supp 1246). Nevertheless, since the fair procedure rights granted by section 73 of the Civil Rights Law are due process safeguards, waiver of which may not be lightly assumed (*Johnson v Zerbst,* 304 US 458, 464), no evidence developed in violation of such section may be admissible, in absence of further evidence of waiver. The order should, therefore, be reversed and the matter remitted to Supreme Court for further proceedings consistent herewith. (Appeal from order of Supreme Court, Onondaga County, dismissing seven indictments.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ. [81 Misc 2d 121.]