In the Matter of HENRY M. SLOMA, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York (Special Prosecutor), Respondent.

Fourth Department, December 10, 1976

*Kostelanetz, Ritholz & Mulderig (Robert S. Fink* of counsel), for appellant.

*Charles B. Wydysh, Special Assistant Attorney-General,* for respondent.

MARSH, P. J. Petitioner appeals from a judgment which denied petitioner's motion to quash the subpoena of respondent Deputy Attorney-General Hynes.[1]

---

1. The subpoena and attached Schedule A provides as follows:

"OFFICE OF THE SPECIAL STATE PROSECUTOR

SUBPOENA FOR A WITNESS TO ATTEND BEFORE THE DEPUTY ATTORNEY GENERAL

TO: HENRY M. SLOMA
   of FAIRCHILD NURSING HOME

YOU ARE HEREBY COMMANDED TO APPEAR BEFORE CHARLES J. HYNES, Deputy Attorney General of the State of New York (Special Prosecutor) on the 20th day of FEBRUARY, 1976, at 2:00 o'clock in the AFTER noon, at the office of the Deputy Attorney General, 468 ELLICOTT SQUARE BLDG. 295 MAIN ST., BUFFALO, NY as a witness in an inquiry into the management, control, operation, and funding of nursing homes, care centers, health facilities and related entities located in the State of New York, and the principals, agents, suppliers, and other persons involved therewith being conducted by the Deputy Attorney General pursuant to Section 63(8) of the Executive Law of the State of New York, and the Executive Order of Governor Hugh Carey dated 7 February 1975.

YOU ARE FURTHER COMMANDED to bring with you at the above time and place all

SEE ATTACHED SCHEDULE A

A FAILURE TO ATTEND SHALL BE DEEMED A CRIMINAL CONTEMPT, PUNISHABLE UNDER THE LAWS OF THE STATE OF NEW YORK

Dated:

CHARLES J. HYNES
Deputy Attorney General

by /s/ Charles B. Wydysh
Special Assistant Attorney
General

Tel: 842-2437

THIS SUBPOENA REQUIRES YOUR ATTENTION AT THE DATE AND TIME INDICATED. YOU DO NOT HAVE TO ANSWER ANY QUESTIONS OR SURRENDER POSSESSION OF ANY DOCUMENTS IF YOU BELIEVE THAT TO DO SO WOULD VIOLATE YOUR RIGHTS UNDER THE CONSTITUTIONS OF THE UNITED STATES OR NEW YORK STATE.

IF YOU ARE IN DOUBT AS TO THE EXTENT OF YOUR RIGHTS YOU SHOULD CONSULT WITH AN ATTORNEY WHO MAY BE WITH YOU ON THE RETURN DATE OF THIS SUBPOENA.

ATTENTION IS CALLED TO SECTION 73 OF THE CIVIL RIGHTS LAW, A COPY OF WHICH IS PRINTED ON THE REVERSE SIDE OF THIS SUBPOENA."

Petitioner-appellant claims that the subpoena which was issued by Special Prosecutor Hynes pursuant to subdivision 8 of section 63 of the Executive Law, violates his right to due process of law. While several reasons for contesting the scope and validity of the subpoena were asserted before Special Term, the sole argument on appeal concerns the constitutionality of subdivision 8 of section 63 of the Executive Law, with the contention being that the provision is unconstitutionally vague.

According to the affidavit of the Special Prosecutor in opposition to the motion to quash the subpoena, the petitioner, the administrator and son of the owner of the Fairchild Nursing Home, was served with the instant subpoena with directions to appear on February 20, 1976 at the office of the Special Prosecutor in Buffalo. It appears that based upon an audit of the Fairchild Nursing Home performed by the Department of Health for the year 1970, and upon information obtained from an undisclosed informant, the probability exists that overpayments were made by the State of New York of Medicaid funds to the operator of the Fairchild

---

"EXHIBIT 'A', SUBPOENA, ANNEXED TO MOVING AFFIDAVIT

SCHEDULE OF RECORDS—ATTACHMENT SCHEDULE A

1. General ledger
2. Cash receipts journal, disbursement journal and register
3. Purchase journal and supporting vouchers
4. All invoices for goods and services ordered plus receiving reports or similar evidence of actual receipt
5. Petty cash book, petty cash vouchers and summary
6. General journal, year end adjusting entries
7. Subsidiary records for loans payable and receivable and related documents, such as notes, loan agreements and mortgages
8. Accounts payable subsidiary ledger
9. Accounts receivable subsidiary ledger
10. All bank statements, bank reconciliations, cancelled checks, check stubs and voucher copies
11. All lease and rental agreements
12. All accounting work papers and schedules
13. All asset account journals and depreciation schedules
14. All payroll records including subsidiary payroll ledger, time cards, W-2 forms and withholding schedules
15. Personnel files for all employees
16. Patients daily census records
17. All forms HE-2P submitted to the New York State Health Department.

ALL OF THE AFOREMENTIONED BOOKS AND RECORDS FOR THE PERIOD JANUARY 1, 1970 TO THE PRESENT."

Nursing Home. The 1970 audit itself indicates overpayments of Medicaid funds of approximately $20,000.

Section 63 (subd 8), in relevant portions provides: "Whenever in his judgment the public interest requires it, the attorney-general may, with the approval of the governor, and when directed by the governor, shall, inquire into matters concerning the public peace, public safety and public justice. * * * The attorney-general, his deputy, or other officer, designated by him, is empowered to subpoena witnesses, compel their attendance, examine them under oath before himself or a magistrate and require the production of any books or papers which he deems relevant or material to the inquiry. If a person subpoenaed to attend upon such inquiry fails to obey the command of a subpoena without reasonable cause, or if a person in attendance upon such inquiry shall, without reasonable cause, refuse to be sworn or to be examined or to answer a question or to produce a book or paper, when ordered so to do by the officer conducting such inquiry, he shall be guilty of a misdemeanor."

The validity of this legislative delegation of investigatory authority with respect to the very nursing home probe in question set up by Executive Order No. 4 (9 NYCRR 3.4) was specifically upheld by the Court of Appeals in *Matter of Sigety v Hynes* (38 NY2d 260). The *Sigety* case decided the validity of issuing office subpoenas pursuant to subdivision 8 of section 63 of the Executive Law and held that the subpoenas were validly issued by the Special Prosecutor pursuant to the nursing home investigation established by the Governor by Executive Order No. 4. Petitioner-appellant concedes the applicability of the *Sigety* holding, but nevertheless contends that the due process argument which he presses was neither met nor disposed of in that case. Appellant cites as authority for this reasoning *Matter of Sussman v New York State Organized Crime Task Force* (39 NY2d 227). In *Sussman* the court dealt with the showing that the Organized Crime Task Force was required to make upon a challenge to its authority to issue office subpoenas. It was there held that in accordance with subdivision 4 of section 70-a of the Executive Law the OCTF would have to show upon a motion to quash by a subpoenaed individual that the information or documents sought from such individuals bore a reasonable relationship to multi-county organized crime activities. The Court of Appeals

further held, however, that subdivision 4 of section 70-a was constitutional.

"It is argued, however, that, because the phrase 'organized crime activities' concededly is not susceptible of precise definition, the elusive character and vagueness of its content renders subdivision 4 unconstitutional. Because an unarticulated holding of constitutionality which would be inferable from our concurrence that OCTF should have another opportunity to submit the requisite proof of statutory compliance might leave lingering doubt, we now expressly confront and reject the challenge to constitutionality". *(Matter of Sussman v New York State Organized Crime Task Force, supra,* p 234.)

The Court of Appeals in elaboration stated that no statute according to its research had been held unconstitutional due to the overbreadth of investigatory authority and powers granted to the prosecutor.

"By critical contrast to statutes in which there is asserted vagueness in the definition of substantive crimes, the aspect of subdivision 4 of section 70-a now under review relates only to the investigative authority and powers of a prosecutor. Our attention has been invited to no case in which a statute conferring investigative authority has been held unconstitutional on the ground that the scope of such authority has not been sufficiently precisely defined, nor have we found any. It would have been open to make an argument, much the same as that advanced here, with respect to asserted unconstitutional vagueness in several cases in which the authority to issue office subpoenas has been upheld (e.g., *Matter of Sigety v Hynes,* 38 NY2d 260; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, *supra; Matter of Di Brizzi [Proskauer],* 303 NY 206; *Carlisle v Bennett,* 268 NY 212, *supra).* It may or may not be significant that the present contention appears not to have been raised in any of these cases." (p 235.)

In the face of the Court of Appeals statement that there is no authority for declaring a statute such as subdivision 8 of section 63 of the Executive Law unconstitutional due to the undefined breadth and scope of the investigatory powers conferred, petitioner claims that, nonetheless, it is still an open question with respect to such section. As his authority petitioner cites *Watkins v United States* (354 US 178). In *Watkins* the Supreme Court did not declare a statute unconstitutional nor was it concerned with the type of narrowly focused investigation presented in the instant case.

Apparently the Court of Appeals was not persuaded that there was a constitutional argument contained in the *Watkins* case which impugned the constitutional integrity of the holding in *Matter of Sigety v Hynes* (38 NY2d 260) with respect to subdivision 8 of section 63 of the Executive Law. Were we to give credence to petitioner's constitutional challenge, then the Legislature would have to authorize every criminal investigation by the Attorney-General's office no matter how narrow, germane and infused with the public interest the desired investigation might be. Such a holding does not appear constitutionally required nor administratively reasonable. The judgment should be affirmed.

MOULE, CARDAMONE and GOLDMAN, JJ., concur; SIMONS, J., not participating.

Judgment unanimously affirmed, without costs.