OPINION OF THE COURT
Jerome M. Becker, J.
THE FACTS
Felix is before the court for violation of an order of disposition, having been adjudicated by this court to be a person in need of supervision by an order of adjudication and disposition, dated April 24, 1978. Under said order, he was placed on probation upon certain terms and conditions.
From the record it appears that placement attempts have been futile. Felix has been placed in several open, short-term *223 diagnostic and treatment programs. Unfortunately, after very short periods, he ran away from each of them. A series of private institutions has rejected Felix. It would seem, based on reports and testimony herein, that Felix is not a proper subject for placement in an open, short-term diagnostic and treatment program.
Recommendations as to an appropriate disposition have been made by the Law Guardian, the Probation Department and the Kings County Hospital staff. The Law Guardian has recommended unspecified placement with the Division for Youth, but the court must reject this recommendation in light of recent decisional law. Subdivision (a) of section 756 of the Family Court Act does not authorize unspecified placements in which the Division for Youth is given complete discretion for placement in any type of facility. (Matter of Kyle S., 60 AD2d 847; see Matter of Francisco R., 56 AD2D 847.) According to the psychological report, Felix should be placed in a Division for Youth facility for PINS. The Division for Youth, however, has rejected him pursuant to subdivision 4 of section 502 of the Executive Law. Having failed in their placement attempts, the Department of Social Services is at a loss to know what to do with Felix. Thus, in summary, the situation presented to the court at this hearing is that release to his sister is unthinkable because of her admitted inability to control him and placement in a suitable private institution, unattainable. Faced with this dilemma, the court must now assume the responsibility of planning for Felix.
By no means is Felix’s situation unique. He is but one of many youngsters appearing before the courts each day who are suspended in this unfortunate state of limbo. Undeniably, the needs of Felix in this proceeding are real. Yet our society, through the Department of Social Services and the Division for Youth, nonchalantly asserts that there is no way to meet them. Were the courts an executive agency with power to provide the services required by youngsters like Felix, the court’s task would be simple. It is not. That is the province of either the Department of Social Services or the Division for Youth.
The question then is which agency can best meet the needs of this youth. The Department of Social Services’ attempts to help Felix have been unsuccessful. It is now being recommended that the Division for Youth make an attempt. To do otherwise would be an abrogation of their statutory *224 duty. (Executive Law, § 501.) If the Division for Youth does not have facilities for youth like Felix, then its recourse should be with the Legislature to make such facilities available and not through circumvention of the commands of the Family Court Act. Hence, in view of the recommendations before the court, the court feels that title 2 placement with the Division for Youth is the most appropriate disposition at this time. In arriving at this decision, the court declares that subdivision 4 of section 502 of the Executive Law is unconstitutional.
PINS
Before examining subdivision 4 of section 502 of the Executive Law, certain background perspectives on the PINS statutes must be considered.
The object of the PINS statute is to provide rehabilitation and treatment for young persons who engage in the sort of conduct there proscribed. (Matter of Patricia A., 31 NY2d 83, 88.) That the statutory scheme of article 7 is designed, in fact, to benefit a PINS is evidenced by section 711, which declares that "[t]he purpose of this article is to provide a due process of law * * * for devising an appropriate order of disposition for any person adjudged a juvenile delinquent or in need of supervision.” (Family Ct Act, § 711, subd [b].)
With this background in mind, the court will now consider the constitutionality of subdivision 4 of section 502 of the Executive Law which allows the Division for Youth to abridge a youth this statutory right to rehabilitation and treatment.
executive law, § 502, subd 4
The court declares that subdivision 4 of section 502 of the Executive Law is unconstitutional in that it violates due process. The statute is broad, vague and does not provide adequate standards for the guidance of the Division for Youth in applying the statute. It merely reads: "The division may in its discretion refuse to admit any youth if such admission would not be in the best interest of the youth”. In this connection, what one Division for Youth representative might consider grounds for rejection — absconding from an open, short-term diagnostic and treatment program, for example— another representative might be willing to overlook. Granted, the Legislature may confer discretionary authority, but it *225 would not have been difficult for the framers of the statute to have stated its requirements in more exact language. (See, e.g., Family Ct Act, § 153-a, subd 2.)
It might be contended that the guide is "in the best interest of the youth.” To that contention, the court’s reply is that the "best interest of the youth” is properly a judicial determination. (Cf. Family Ct Act, § 631; Domestic Relations Law, § 70.) Thus, this statute usurps the court’s powers.
Assuming, arguendo, that subdivision 4 of section 502 is constitutional, the Division for Youth’s action cannot be condoned. While the Legislature may confer this discretionary authority, the discretion cannot be exercised in an arbitrary and unbridled manner. (Carlisle v Bennett, 268 NY 212, 217.) Proof in the record reveals that the Division for Youth has not shown "good cause” for rejecting Felix. One reason cited for rejection is that title 1 facilities are open. A second reason is that the youth’s problems are "a little too serious for Division for Youth to deal with him under a Title II designation.” There is no discussion regarding the best interest of the youth. A determination based on the afore-mentioned reasons is arbitrary, capricious, and an abuse of discretion.
Furthermore, under principles of statutory construction, an imperative statute generally takes precedence over a conflicting permissive one. (Matter of City of New York, 103 Misc 581.) By the use of the mandatory word "shall” in both sections 752 and 754 of the Family Court Act, the Legislature has presumed that for every finding of a need for treatment there would be an appropriate dispositional order which could be entered. On the other hand, the authority of the Division for Youth to reject a youth is couched in words of discretion. In the absence of anything to indicate a contrary intention, words of command in a statute are construed as peremptory, and words of discretion are treated as permissive. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 177, subd a.) Thus, in this instance, the mandates of sections 752 and 754, coupled with the purpose of article 7, take precedence over the permissive authority of the Division for Youth to reject a youth. To resolve the conflict in any other manner would only wreak havoc with the legislative intent of article 7.
In addition, since this grant of discretionary power under subdivision 4 of section 502 of the Executive Law was enacted before sections 754 and 756 of the Family Court Act, it is superseded. The enactment of article 7 of the Family *226 Court Act came two years subsequent to that of subdivision 4 of section 502 of the Executive Law. It must be presumed that the Legislature knew that the discretion of subdivision 4 of section 502 was diminished by the absolutes of section 754 and the discretion of section 756. Accordingly, sections 754 and 756, being more recent, must be given overriding effect.
FINDINGS
 After hearing the court is satisfied by competent proof that the respondent without just cause has failed to comply with the terms and conditions of the order of probation dated April 24, 1978, and the court hereby revokes said order pursuant to section 779 of the Family Court Act and enters an order of title 2 placement with the Division for Youth. The court finds, on the facts, that title 2 placement of Felix with the Division for Youth is in his best interests; that it affords him the best opportunity to receive the treatment to which he is entitled; that the refusal of the Division for Youth to accept him is arbitrary, capricious, and unreasonable. The court further finds on the law that subdivision 4 of section 502 of the Executive Law is unconstitutional; that subdivision 4 of section 502 of the Executive Law is superseded by sections 754 and 756 of the Family Court Act.