OPINION OF THE COURT
Nicholas L. Pitaro, J.
In this delinquency proceeding a motion was filed and made returnable on April 18, 1979 by the New York State Division for Youth (hereinafter referred to as D.F.Y.) for an order directing that pursuant to sections 761 and 762 of the Family Court Act and subdivision 4 of section 502 and subdivision 3 of section 511 of the Executive Law, the existing dispositional order of the court be vacated and a new dispositional hearing be granted for respondent. An affirmation in opposition was submitted by the attorney for respondent. After hearing oral argument on May 8, 1979, the court reserved its decision.
*576 A brief history of the proceeding is as follows: a delinquency petition was filed on November 13, 1978 alleging that the respondent committed acts which, if done by an adult, would constitute the crimes of grand larceny in the third degree, criminal possession of stolen property in the second degree and unauthorized use of a vehicle. A fact-finding hearing resulted in a finding that respondent committed an act which, if committed by an adult, would constitute the crime of unauthorized use of a motor vehicle. There were prior findings. A full and extensive dispositional hearing was held on March 5, 1979 and after considering all of the testimony and all of the evidence adduced at said hearing, the court placed respondent with D.F.Y. title II for a period not to exceed 18 months. No appeal was taken from said determination. D.F.Y. then filed the instant application for relief. It contends that respondent has been rejected for title II placement by D.F.Y., is in need of a more highly structured setting and requires more services than can be provided by a title II facility, and therefore a new dispositional hearing should be held with a view to placing respondent in a title III facility.
Admittedly, the respondent has been held at the Spofford Juvenile Center since the placement of March 5, 1979 due to the lack of beds in title II facilities. There has been no change of circumstances except that an open petition alleging auto theft, which the court took into consideration at the time of the dispositional hearing, thereafter culminated into a finding of unauthorized use of a motor vehicle. While this circumstance may be labeled a "change”, it is a change without substance which cannot and will not have any effect on the existing dispositional determination.
Section 762 of the Family Court Act provides that the court may set aside or vacate an order only upon a showing of good cause. The application of D.F.Y. fails to establish any semblance of good cause. It is, at best, a motion for reconsideration based on the exact same facts and circumstances that existed at the time the dispositional hearing was held and the determination of D.F.Y. title II made.
D.F.Y. contends that subdivision 4 of section 502 of the Executive Law, which grants D.F.Y. the authority to refuse to admit a youth under a title II placement if not in the youth’s best interest (in the opinion of D.F.Y.), is controlling in this situation.
To uphold such a contention would be tantamount to mak *577 ing a mockery — indeed a nullity — of the dispositional hearing and the resulting determination made by the court, after considering the best interests of the child as well as the need to protect the community. It would, in effect, clothe D.F.Y. with a veto power over all title II placements made by the court. The statutory scheme governing dispositional hearings and court orders and placements neither mandates nor warrants such interpretation. (See Matter of Felix Louis R, 96 Misc 2d 221.)
This court is of the opinion that the authority of D.F.Y. to reject a title II placement must yield to the authority of the court to make a title II placement after a proper dispositional hearing. D.F.Y.’s recourse in the event of disagreement with the court’s determination should be the appellate process and not the veto process. The authority of the court in making such placements is anchored in section 756 (subd [a], par [iii], cl [3]) of the Family Court Act which grants the court power to direct placements with D.F.Y. and authorized D.F.Y. to place respondent in a youth center (e.g., title II) pursuant to section 502 of the Executive Law.
In view of the above and the absence of any substantial change in circumstances since the order of disposition was made, the motion of D.F.Y. to vacate the order of disposition and to grant a new dispositional hearing is denied.
The Division for Youth is ordered to comply with the dispositional order of the court placing respondent in a D.F.Y. title II facility and removing respondent from the Spofford Juvenile Center wherein he has been confined for more than two months.