OPINION OF THE COURT
William H. Keniry, J.
Petitioners, the City of Albany Industrial Development Agency (Agency), Thomas Whalen, III, Mayor of the City of Albany (Mayor) and Keith McDonald, Assessor of the City of Albany (City Assessor), seek an order, pursuant to CPLR 2304, *343 to quash, fix conditions or modify subpoenas duces tecum served upon them by the respondent, New York State Commission on Government Integrity (Commission).
The Commission was created in 1987 by Executive Order No. 88.1 (9 NYCRR 4.88) issued by Governor Mario M. Cuomo to investigate "the management and affairs of any * * * political subdivision * * * in respect to the adequacy of laws, regulations and procedures relating to maintaining ethical practices and standards in government, assuring that public servants are duly accountable for the faithful discharge of the public trust reposed in them, and preventing favoritism, conflicts of interest, undue influence and abuse of official position, and to make recommendations for action to strengthen and improve such laws, regulations and procedures”. (9 NYCRR 4.88 [I].) In January 1988 the Commission initiated an investigation into the operation of the government of the City of Albany and the challenged subpoenas were issued on May 31, 1989 as part of such inquiry. Petitioners contend that, since the investigation has now entered its final phase, the subpoenas duces tecum are redundant, overbroad and burdensome and that the documents sought by the subpoenas lack relevancy and materiality to the matters under investigation. In sum, petitioners allege that the service of the subpoenas near the conclusion of the Commission’s inquiry constitutes harassment.
The standard which the court must apply in considering whether to quash or modify the subpoenas was recently stated by the Court of Appeals in Anheuser-Busch, Inc. v Abrams (71 NY2d 327). There the court said that "[a]n application to quash a subpoena should be granted '[o]nly where the futility of the process to uncover anything legitimate is inevitable or obvious’ (Matter of Edge Ho Holding Corp., 256 NY 374, 382) or where the information sought is ' "utterly irrelevant to any proper inquiry” ’ (Matter of La Belle Creole Intl., S. A. v Attorney-General of State of N. Y., 10 NY2d 192, 196, quoting Matter of Dairymen’s League Coop. Assn. v Murtagh, 274 App Div 591, 595, affd 299 NY 634)” (71 NY2d, at 331-332). Under existing case law, the Commission is presumed to be acting in good faith in issuing subpoenas duces tecum and must only show that the documents sought bear " 'a reasonable relation to the subject matter under investigation and to the public purpose to be achieved’ (Carlisle v Bennett, 268 NY 212, 217; see also, Virag v Hynes, 54 NY2d 437, 442; Matter of Goldin v Greenberg, 49 NY2d 566, 572; Matter of La Belle Creole Intl., *344 S. A. v Attorney-General of State of N. Y., supra, at 196)” (71 NY2d, at 332).
Petitioners base their application to quash upon the rule set forth in Matter of Horn Constr. Co. v Fraiman (34 AD2d 131) which they contend imposes a higher burden on the Commission to justify the subpoenas in a case such as this where , the investigation of the City of Albany and its officials is near completion. The court in Horn stated: "Where, as here, such a subpoena is issued after extensive examination of witnesses and documents, the initial presumption of validity and reasonable relation does not necessarily obtain. When a subpoena duces tecum is attacked, as here, after an investigation of the scope and extent already had, it would seem incumbent on the respondent to establish clearly the reasonable relationship of the relief sought to the objective proclaimed, or at least establish such basis that it may reasonably be concluded that its efforts would or reasonably might prove fruitful. Continued fishing in otherwise apparently calm waters in the mere hope that some lead or indicia of possible wrongdoing will be uncovered is not what we believe the statute intended (cf. Matter of A Hearn v. Committee on Unlawful Practice of Law, 23 N Y 2d 916, 918).” (34 AD2d, at 133.)
Matter of Horn Constr. Co. v Fraiman (34 AD2d 131, supra) is not controlling and is distinguishable from the instant case. In Horn, the City of New York’s investigation of a large contractor concerned an alleged instance of bribery in one specific municipal demolition project while the subpoena duces tecum which was quashed sought the production of corporate business records of all of the contractor’s projects for a designated period.
In this case, the court is satisfied that each of the challenged requests seek documents and records which are relevant and material to the Commission’s inquiry into the operation and practices of the City of Albany and its officials.
The Commission’s investigation is admittedly well underway and has progressed to the point that public hearings have been held. Thus the Commission is required to tailor its subpoenas to require the production of records which are both reasonable in breadth and relevant and material to the issues under inquiry.
Petitioners’ challenges are restricted to paragraphs numbered 1, 2, 3 and 4 in the subpoena duces tecum directed to Mayor Whalen; paragraphs 1, 2, 3, 4, 8 and 9 in the subpoena *345 duces tecum directed to the Agency* and paragraphs 1 and 2 in the subpoena duces tecum directed to the City Assessor. The court has reviewed each challenged paragraph of the subpoenas in light of the applicable legal standard and concludes that the Commission has satisfactorily established that the documents sought in each of the challenged paragraphs are reasonable in breadth and relevant and material to the issues under inquiry.
Petitioners have advised the court that in certain instances the subpoenas require searching through "hundreds of thousands” of documents. The court will retain jurisdiction in the event that judicial assistance is needed to supervise the production of the documents, prevent injustice to the petitioners and to mediate any disputes which may arise over compliance with said subpoenas.
The petitioners’ motion to quash, modify or limit the subpoenas duces tecum is denied, without costs, and the court will retain jurisdiction for the limited purposes specified. The temporary restraining order now in effect is vacated.
The respondent’s cross motion is denied, without costs, on the grounds that such application to compel compliance is premature.

 The Commission in its answering papers withdrew paragraphs 5 and 6 and part of paragraph 4 in the subpoena served upon the Agency.