

■

In the Matter of BESSIE ZELTER, Appellant, against PATRICK F. NASH, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: The proceeding was properly dismissed. It is unnecessary to determine whether section 210 of the Charter of the City of Rochester embraces unliquidated claims arising out of negligence. The claimant, upon whom the subpœna and notice was served, presented no petition to the court. The petitioner was her attorney. He made, signed and verified the petition. He was not the party aggrieved. The petition, even if made by the claimant, would have required dismissal. The authority of the city auditor pursuant to said section 210 of the charter, insofar as this proceeding is concerned, extended only to an investigation of the claim and an examination of the claimant. His duty was neither judicial nor quasi-judicial. He had no power to approve and pay or to compromise this unliquidated claim nor to determine the liability of the city or the amount of recovery. He acted in an administrative capacity, only to investigate. Moreover, a proceeding under article 78 of the Civil Practice Act, in the nature of prohibition, is an extraordinary remedy. It may be employed only where there is unusual necessity and where there is no other adequate remedy. No such necessity is here presented. The practice is to move to vacate and set aside the subpœna. (*Matter of Mitchel* v. *Cropsey*, 177 App. Div. 663; *People ex rel. Ballin* v. *Smith*, 184 N. Y. 96.) Even an injunction action will not lie where "there is an adequate remedy at law by motion to quash, vacate or modify the subpœnas." (*Carlisle* v. *Bennett*, 268 N. Y. 212, 218.) The power of the Supreme Court to enforce the subpœna or to punish for failure to obey it (Civ. Prac. Act, § 406), is coextensive with the power to vacate or modify. (*Matter of Foster*, 139 App. Div. 769; *Matter of Herlands* v. *Surpless*, 171 Misc. 914, affd. 258 App. Div. 275, affd. 282 N. Y. 647.) All concur. (Appeal from an order of Monroe Special Term granting respondent's motion to dismiss a prohibition proceeding.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

■

LLOYD J. HOSFORD, as Administrator of the Estate of REGINA M. HOSFORD, Deceased, Appellant, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. LLOYD J. HOSFORD, as Administrator of the Estate of LLOYD A. HOSFORD, Deceased, Appellant, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. SAMUEL PERDICHO et al., as Administrators of the Estate of ANTOINETTE PERDICHO, Deceased, Appellants, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. LLOYD J. HOSFORD, as Administrator of the Estate of LLOYD R. DECKER, Deceased, Appellant, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. LLOYD J. HOSFORD, as Administrator of the Estate of REGINA M. HOSFORD, Deceased, Appellant, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Vaughan, J. P., Kimball, Piper, Wheeler and Van Duser, JJ. [See *ante*, p. 992.]

■

HAYSSEN MANUFACTURING COMPANY, Plaintiff, v. MARIA DI VINCENZO, Individually and Doing Business as DI VINCENZO BAKERY, Defendant.— Appeal dismissed, without costs, upon stipulation.