Bbítjamiit Bbeottbb, J.
This application is ostensibly made pursuant to the provisions of rule 6 of the Buies of Civil Practice, to compel the Clerk of the Appellate Term of the Supreme Court, Second Department, to file all the papers now on file in the Municipal Court of the City of New York, Borough of Brooklyn, First District, relating to the appeal in the above-entitled action, or show cause why an attachment should not issue against the person of the said clerk.
It appears that Andrew Williams, as party plaintiff, brought an action against the petitioner and another in the said Municipal Court and after trial without a jury, judgment was entered against petitioner and in favor of the respondent Williams. Thereafter petitioner served and filed a notice of appeal to the Appellate Term from the judgment so entered and from various intermediary written orders made in the action and orally during the trial, which were spread upon the stenographer’s minutes.
The Clerk of the Municipal Court, by direction of petitioner’s attorney, then attempted to file the return on appeal with the Clerk of the Appellate Term. The latter refused to accept same for filing because it did not include the stenographer’s minutes of the trial and the order of the Trial Justice settling the record on appeal. ' , . __l_. _______
*339 Counsel has not cited, nor has independent research revealed, any reported decisions construing the provisions of rule 6 which might help the court to determine under what circumstances the harsh relief of body attachment may be granted. Upon the record it cannot be said that the Clerk of the Appellate Term failed to file any paper which he is required by any provision of law or by any rule of court to file. Rule IV of the Rules of the Appellate Term of the Supreme Court, Second Department, insofar as pertinent here, provides: ‘1 Returns from the Municipal Court of the City of New York * * # shall consist of the papers required by section 161 of the Municipal Court Code ”.
Subdivision 1 of section 161 of the Municipal Court Code and the rules implementing the same require the Clerk of the Municipal Court to make a return containing all of the proceedings including the evidence and judgment, the stenographer’s minutes transcribed and certified by the stenographer (N. Y. City Mun. Ct. Rules, rule XIII) and an order of the Trial Justice made on notice settling the case and having his indorsement of settlement on the return. The return attempted to be filed by the Municipal Court clerk did not contain the stenographer’s minutes nor a settlement of the case as required by the statute and rules above referred to. The proffered return was thus insufficient on its face and prematurely presented and the Clerk of the Appellate Term was precluded by the rules of his court (rule IV) from accepting same.
This is not a case within the purview of subdivision 2 of section 161 of the Municipal Court Code where no testimony was taken and the settlement of a case not required. The appeal taken here was not from the intermediate orders alone but from the judgment as well, making subdivision 1 of section 161 applicable. In any event, the petitioner has failed to point to any provision of law or rule of court which he claims the Clerk of the Appellate Term violated, to warrant the drastic remedy sought under rule 6. Furthermore, the moving affidavit is made by petitioner’s attorney and not by the petitioner himself. This, in and of itself, renders the application fatally defective since the attorney is not the aggrieved party (Rules Civ. Prac., rule 6; Matter of Zelter v. Nash, 285 App. Div. 1214).
The Attorney-General of the State of New York, representing the respondent Appellate Term Clerk, assuming this to be a proceeding pursuant to the provisions of article 78 of the Civil Practice Act, in the nature of a mandamus to compel the said clerk to accept for filing an abbreviated or abridged record on appeal, also cross-moves to dismiss the petition for legal insufficiency. The applicant in the matter at bar disclaims that he *340 proceeds under article 78 and insists upon the right to the drastic relief sought by virtue of the provisions of rule 6 of the Rules of Civil Practice. Accordingly, the proceeding is dismissed on the merits and the cross motion is denied as academic.
Settle order on notice.