■ GEORGE E. MEAD, SR., Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Oneida Special Term directing defendant to furnish plaintiff's attorney for examination a typewritten transcription of the stenographic minutes of a statement extracted from plaintiff.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

Application denied and proceeding dismissed on the merits, without costs. Memorandum: Basically, this is not a matter in which a writ of prohibition may be issued. This extraordinary remedy should be allowed only when there is unusual necessity and no other adequate remedy (*People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383, 393; *People ex rel. Childs* v. *Extraordinary Trial Term*, 228 N. Y. 463, 468; *Matter of Zelter* v. *Nash*, 285 App. Div. 1214; see, also, Civ. Prac. Act, § 1285, subd. 4). It is unnecessary for us to reach or pass upon the question of the propriety of a Judge granting a show cause order returnable before a Trial Term at which he would preside on the same date that there is to be a Special Term for motions, at which the proceeding could properly be returnable. Furthermore, it appears that this defect, if it was a defect, was waived by petitioner. All concur. (Proceeding for a writ of prohibition directed to Honorable HENRY A. HUDSON, Justice of the Supreme Court, it being claimed that he is without power to restrain the Commissioner of Public Safety of the City of Oswego from conducting a hearing concerning charges pending against the Chief of Police of said city.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.