Joseph A. Suozzi, J.
This is a proceeding brought under article 78 of the OPLR for an order restraining or prohibiting the respondent Milton Lipson, as Commissioner of Accounts of Nassau County, from proceeding with an examination of the petitioners, and directing the respondent, Eugene Nickerson, as County Executive, to instruct Lipson to terminate his investigation. The respondent Lipson, by cross motion, requests an order directing the petitioner's .Sartor, Ryan land Mattson, to answer specified questions and/or to produce enumerated records or be punished for contempt on their failure to comply.
The respondent Lipson, as Commissioner of Accounts of Nassau County, has been conducting an investigation of the accounts, methods and activities of the Nassau County Department of Public Works pursuant to section -206 of the Nassau County Government Law. During the course of the inquiry, he caused subpoenas to be served on the individual petitioners -who are employees of firms which conducted business with the county through its Public Works Department. The petitioners, on this application, advance the argument that the scope of the investigation is exceeding legitimate bounds of inquiry, and that its continuance over a protracted period only serves to harass the petitioners. The court cannot consider the propriety of the question presented, for that issue may not be raised in this type of proceeding.
The petitioners are presumably seeking an order in the nature of prohibition or an order of injunction. The petitioners have mistaken the remedy available to them. The appropriate procedure to test the propriety of the subpoena or the relevancy and materiality of the documents to be produced thereunder is by motion to modify or quash the subpoena (Carlisle v. Bennett, 268 N. Y. 212; see, also, Matter of La Belle Creole Int., S. A. v. Attorney-General, 10 N Y 2d 192). A proceeding under article *489 78 in the nature of prohibition is an extraordinary remedy which will not lie to prevent the performance of acts which are administrative or legislative in nature (Matter of Rivkin v. Carbors, Inc., 183 Misc. 389), and may not be employed where there is another adequate remedy (Matter of Zelter v. Nash, 285 App. Div. 1214). Furthermore, even though an injunction may be granted in a proceeding under article 78 (Matter of Policemen’s Benevolent Assn, of Westchester County v. Board of Trustees, 21 A D 2d 693), an injunction will not lie where there is an adequate remedy at law by motion to quash, vacate or modify the subpoenas (Carlisle v. Bennett, supra; Matter of Zelter v. Nash, supra).
The respondents’ cross motion to compel compliance with the subpoenas, whose issuance has been initially sustained (Matter of Lipson v. Malvese $ Co., 39 Misc 2d 778, affd. 20 A D 2d 666), places on the petitioners the burden of establishing that the scope of the investigation has exceeded the legitimate functions and powers of the Commissioner of Accounts (Nassau County Government Law, § 206). When the petitioners preliminarily contested the validity of the subpoenas, they encountered the burden of proving the subpoenas called for documents which were utterly irrelevant to any proper inquiry, or that their issuance constituted an obviously futile attempt to uncover anything legitimate (Matter of La Belle Creole Int., S. A. v. Attorney-General, supra; Matter of Edge Ho Holding Corp. [Higgins], 256 N. Y. 374, 382). The reason for the rule is based on the theory that investigations should not be paralyzed in advance of hearings by the forecasting of the materiality of the evidence that may be adduced (Matter of La Belle Creole Int., S. A. v. Attorney-General, supra, pp. 196, 197).
In this case, the preliminary phase of the investigation has passed. Hearings have been conducted, testimony taken and records produced. The length to which the inquiry may be extended is, therefore, no longer tested by the standards applied in advance of hearings. Disclosure of the relevancy and materiality of the evidence sought to be elicited is now mandatory. Section 206 of the Nassau County Government Law does not confer upon the respondent Lipson the arbitrary and unbridled discretion as to the scope of his investigation (Carlisle v. Bennett, supra, p. 217), and he is not commissioned to embark upon any roving course for the purpose of generally prying into the affairs of private citizens (Dunham v. Ottinger, 243 N. Y. 423, 433).
*490 From the papers submitted it appears that there have been some disclosures which “ indicate a course of conduct of making ’ ’ cash gifts to employees of organizations not doing business with the county or any other municipality, and to county employees of the Public Works Department. In pursuing the examination of the witnesses Sartor and Ryan and presumably others among the petitioners, the respondent states that he is “ trying to establish the system used to make the gifts; who had the responsibility of making out the checks and making out the stubs; who made the entries on the stubs; and whether these cash gifts were made at the discretion of the individual salesmen or were part of an overall pattern established by the corporation.”
The giving of gifts to influence purchasing practices and the taking of the same may involve violations of the penal statutes, and as such are areas of legitimate inquiry and investigation by the Grand Jury and the District Attorney. Obviously they are and should be of interest to the respondent; but whether further inquiry and investigation in the face of the disclosures falls within the limited powers and duties of the respondent, who is not the rolled-up embodiment of the Grand Jury and the District Attorney, depends on their materiality and relevancy to the respondent’s broad investigation of the activities of the Public Works Department. On the sketchy record here, the remote or immediate relevancy and materiality of the respondent’s inquiries into these practices as they relate to organizations and persons not doing business with the county or other municipalities has not been demonstrated.
Whether the purchasing procedures of the county, with or without the illegal influence of gifts to employees by the petitioning firms, have been violative of the bidding laws, or have resulted in damages and loss to the county in terms of equipment paid for not being delivered, or inferior equipment delivered for which the price of superior equipment was paid can, it seems, be established from the records either in the respondent’s possession or available to him by way of the county’s own purchase and delivery records and the sales records of the Málvese firms.
The facts, inferences and suspicions, either before or after a *Psnim of the privilege against self incrimination is made, which may result from continuation of this phase of the inquiry, are no substitute for the evidence on which the county’s success in any remedy it may seek to invoke against these firms will depend. Precautions and safeguards against the recurrences of these practices need not await proof of specific instances of violations of the penal statutes. The court has not been convinced that the continuation of this phase of the investigation *491 is relative and material to the respondent’s investigation into the activities of the Public Works Department, as limited by his powers and duties.
On the record before the court there is no basis for finding that the witnesses Sartor or Ryan have failed to answer all the relevant questions propounded to them. The respondent’s expression of disbelief in their testimony is not germane to the issues presented. The sanctions for perjury are adequate, and are without the powers of the respondent.
The court does not find that further questioning of the witnesses is justified at this time other than with respect to their alleged inability to produce records. The petitioner Sartor, in this respect, has testified fully on this score. If the destruction of the records which he cannot produce was actually willful (cf. Matter of Rubino v. Empire Heating Corp., 11 A D 2d 1065), the remedy is to punish for contempt upon a showing of the requisite facts.
The witness Ryan is not charged with any failure to produce, but allegedly controls records belonging to the petitioner Mattson. Since the issuance of the subpoenas has been sustained, the cross motion is granted to the extent of directing either Mattson or Ryan, or both, if necessary, to appear and produce the designated records subject to their possession and control. In the event such records are not available, the witnesses may be compelled to testify as to the manner, time and place of disposal of the documents as the basis for a contempt proceeding. The cross motion is denied in all other respects without prejudice to renewal upon noncompliance or upon facts warranting punishment for contempt. The order to be entered hereon shall specify a time and place for the further examination of such records.
The petitioners, on the other hand, on the basis of the record before the court, have not shown that all proper avenues of reasonable inquiry have been exhausted by the respondent Commissioner, or that continuation of the probe would serve no legitimate purpose. The court therefore cannot call a halt to the proceedings, since recall of the witnesses may be necessitated by subsequent developments. However, the interests of all concerned require that the investigation be concluded as expeditiously as possible. The court must note, however, that the evidence actually supports the Commissioner’s viewpoint that his efforts to conclude the matter have been stymied by dilatory conduct by the petitioners.
Settle order on notice and enter judgment dismissing the petition.