**People of the State of Illinois, Defendant in Error, v. Cornell Carter, Plaintiff in Error.**

**Gen. No. 49,581.**

First District, Third Division.

October 20, 1966.

John F. Keefe, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

After a trial by the court without a jury, defendant was found guilty of murder and sentenced to life imprisonment in the state penitentiary. Relying on Escobedo v. Illinois, 378 US 478 (1964), he contends that a written confession and testimony relating to a prior oral confession were inadmissible because he had not been advised of his rights to counsel and to remain silent. The facts follow.

At approximately 10:45 p. m., on April 6, 1958, detectives of the Chicago Police Department, acting on information supplied by a woman to whom defendant admitted complicity in a murder, arrested the defendant and took him into custody. After being detained in a cell for two hours, defendant was brought to the detectives' room, where he was interrogated with respect to the robbery and murder of a Chicago taxicab driver, Walter Bohn. He denied that he killed the victim, but admitted that his accomplice Gloria Ector, inflicted the fatal knife wounds. He further admitted that he and Gloria had hired the cab driven by the deceased; that he (defendant) had a gun and Gloria had a knife; that they robbed the driver and then forced him to take off his clothes and sit in the rear of the cab; that defendant put on the driver's clothes and drove the cab; that Gloria was in the rear of the cab with the victim and stabbed him numerous times; that he heard the victim moaning and turned and saw his body covered with blood. He further admitted to the police that he drove the cab to an alley where he dragged the victim out of the cab; that the victim attempted to run away, but fell dying, and that defendant and Gloria fled the scene. Defendant subsequently repeated his story in the presence of an assistant state's attorney and a court reporter and signed a 48-page statement, reciting the above events in greater detail. This confession was introduced in evidence at the trial.

The state argues that defendant cannot now raise the issue of the admissibility of his confession because he failed to make timely objections to its admission in the trial court and because he failed to charge error with respect thereto in his motion for new trial. The State's position is sound on each of these contentions. In People v. French, 33 Ill2d 146, 210 NE2d 540, the court said, p 149:

"It is well settled that objections to the admission of evidence not made in the trial court will not be considered on appeal. . . . This rule applies equally to confessions (People v. Tuttle, 382 Ill 147). . . ."

And in People v. Irwin, 32 Ill2d 441, 207 NE2d 76, the court reaffirmed the established principle that errors not raised in a written motion for new trial are deemed waived. Even if the issue was properly before us, we could not sustain defendant's position.

■ Subsequent to the filing of defendant's brief, the United States Supreme Court held that Escobedo v. Illinois, supra, is not to be applied retroactively, and that the former standards of voluntariness are to be invoked in those confession cases arising prior to that decision. Johnson v. New Jersey, 384 US 719 (1966). In the instant case defendant specifically denied that he was subject to duress when he made his confession. There was no error in the admission of the written confession nor in the admission of the evidence relating to the oral admissions, and the judgment will be affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.