(No. 39957.—

ILLINOIS CRIME INVESTIGATING COMMISSION, Appellee, *vs.* FIORE BUCCIERI *et al.,* Appellants.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

JOHN POWERS CROWLEY, of Chicago, (ANNA R. LAVIN and JOHN J. MULDOON, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD E. FRIEDMAN and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This appeal from the circuit court of Cook County challenges the constitutionality of section 13 of the Illinois Crime Investigating Commission Act, (Ill. Rev. Stat. 1965, chap. 38, par. 203—13,) and the validity of certain actions of the commission under authority of the act.

On November 17, 1965, the commission adopted a resolution which, after first reciting purposes consistent with the legislative intent expressed in section 1 of the act, (par.

203—1,) resolved to conduct public hearings on January 12, 13 and 14, 1966, in the city of Chicago, to determine the extent to which organized criminal elements are involved in the "loan shark" or "juice" racket in Cook County. Two days later subpoenas were issued, as authorized by section 13, commanding the fifteen defendants to appear at a certain date, time and place to give testimony and to answer such questions as might be put to them. The subpoenas, together with copies of the commission's resolution, were served on defendants at various times during November and December, 1965. Defendants did not appear or testify in response to the subpoenas, but did, through counsel, notify the commission of their belief that the subpoenas were ineffective at law and of their intention not to appear.

Section 13 of the act provides in pertinent part: "In case of disobedience to a subpoena, the Commission may invoke the aid of any circuit court of the State in requiring the attendance and testimony of witnesses, and the production of documentary evidence. Any circuit court of the State may, in case of contumacy or refusal to obey a subpoena issued to any person, issue an order requiring such person to appear before the Commission, or to produce documentary evidence, if so ordered, or to give evidence touching the matter in question, and any failure to obey such order of the circuit court may be punished by that court as a contempt upon itself." In accordance with this provision the commission, on January 20, 1966, filed a petition in the circuit court of Cook County naming each defendant in a separate count and praying for an order requiring defendants to obey the subpoenas. Notice of the filing of such petition was sent to defendants and their attorneys by mail. Thereafter, defendants appeared by their attorneys and collectively made a motion to strike and dismiss the petition. It is the order denying such motion and directing them to appear and attend before the commission from which this appeal has been prosecuted.

Basing their position on the fundamental and undeniable premise that notice and opportunity to be heard are essential elements of due process of law, (*People* v. *Lavendowski,* 329 Ill. 223; *Coe* v. *Armour Fertilizer Works,* 237 U.S. 413, 59 L. Ed. 1027,) it is the contention of defendants that the portion of section 13, heretofore quoted, violates due process because it fails in express terms to provide for notice and opportunity to be heard when the aid of a circuit court is sought to compel obedience to a *subpoena.* They recognize there was in fact notice and hearing in this case, but insist that the constitutionality of the section is to be tested not by what was done under it, but what may, by its authority, be done. See: *Stuart* v. *Palmer,* 74 N.Y. 183.

While the problem presented is not a new one, it does not appear to have received a uniform solution in this jurisdiction. In *Durkin* v. *Hey,* 376 Ill. 292, where a section of the Unemployment Compensation Act provided for an application to a circuit court for an order compelling the production of books or documents, we held the legislature must have contemplated notice and hearing, stating at page 298: "Otherwise, it would clearly violate the due process clause of both the State and Federal constitutions. We must assume that the legislature intended that such orders could only be entered upon due notice and hearing." Prior to that, in *People ex rel. Joyce* v. *Strassheim,* 242 Ill. 359, it was also implied that the parole law contemplated a hearing before the parole board not expressly provided for. On two other occasions, however, a different construction was made of statutes which failed to expressly provide for notice and hearing. In *People* v. *Marquis,* 291 Ill. 121, which involved a section of the Search and Seizure Act permitting the destruction of property seized, it was held that the failure of the statute to provide for notice to the persons whose rights and property were affected caused the section to violate due process of law. Reaching the same result was *People* v. *Gale,* 339 Ill. 162, where the court considered a section of the

Motor Vehicle Act which permitted a judicial determination of the ownership of a vehicle without notice to all parties in interest. And although the defendants urge the result of the *Gale* and *Marquis* decisions upon us, it is our opinion that *Durkin* and *Strassheim* represent the proper view.

Under the fundamental rules of statutory construction as laid down by this court from time to time, it has long been held that it is our duty to construe acts of the legislature so as to uphold their constitutionality and validity if it can reasonably be done, and, further, that if their construction is doubtful, the doubt will be resolved in favor of the validity of the law attacked. (*People* v. *Illinois Toll Highway Com.*, 3 Ill.2d 218; *People ex rel. Dolan* v. *Dusher*, 411 Ill. 535; *People* v. *Newcom*, 318 Ill. 188.) Complementary principles of equal force and stature are that the legislature is presumed to act in view of the constitution and not to intend a violation of its provisions or the enactment of a void law. (*Follett's Illinois Book and Supply Store, Inc.* v. *Isaacs*, 27 Ill.2d 600; *People ex rel. Bell* v. *New York Central Railroad Co.* 10 Ill.2d 612.) Similarly, it will be presumed the legislature did not intend absurdity, inconvenience or injustice. (*Illinois National Bank* v. *Chegin*, 35 Ill.2d 375; *People ex rel. Barrett* v. *Thillens*, 400 Ill. 224.) Based upon these rules and principles, as well as the commonplace knowledge that notice and opportunity to be heard are the essence of procedural due process, we hold that the legislature, in enacting section 13, necessarily contemplated and intended that orders to compel obedience to subpoenas issued by the commission could only be entered upon due notice and hearing.

It is next contended by some of the defendants that the mailed notice of the hearing served upon them was inadequate, and suggested that only personal service would suffice to give the circuit court jurisdiction of their persons. While it would appear there is authority from which analogy could be drawn to uphold the validity of mailed notice in a

proceeding such as this, (*cf. Cudahy Packing Co.* v. *National Labor Relations Board,* 117 F.2d 692; *Goodyear Tire & Rubber Co.* v. *National Labor Relations Board,* 122 F.2d 450,) we do not reach that point in this case. By making a general appearance, defendants submitted to the jurisdiction of the court and waived the adequacy of the notice served upon them. *Lord* v. *Hubert,* 12 Ill.2d 83, 87; *Kelly* v. *Brown,* 310 Ill. 319, 323-324.

Defendants also claim that the trial court should have allowed them to answer plaintiff's petition after their motion to dismiss was denied. This contention requires consideration of the question, new to this court, of the proper scope of judicial review of administrative subpoenas. This issue has frequently been before the Federal courts, and it is now there established that judicial review is limited to a consideration of the constitutionality of the statute, whether the contemplated agency proceedings are included within the statutory authority, the reasonableness of the demand and the relevance of the information sought. (*Oklahoma Press Pub. Co.* v. *Walling,* 327 U.S. 186, 90 L. Ed. 614; *Endicott Johnson Corp.* v. *Perkins,* 317 U.S. 501, 87 L. Ed. 424; *Adams* v. *FTC,* (8th cir.) 296 F.2d 861; *Crafts* v. *FTC,* (9th cir.) 244 F.2d 882.) Courts cannot consider whether the agency has probable cause for its proposed action, defenses on the merits of the administrative proceeding, or procedural irregularities. (*National Labor Relations Board* v. *C.C.C. Associates, Inc.,* (2d cir.) 306 F.2d 534.) Outside the Federal system the question has rarely arisen, but all the cases which we have found are consistent with the Federal view. (See e.g. *Application of Waterfront Com. of New York Harbor,* 32 N.J. 323, 160 A.2d 832; *In re Iowa State Commerce Com.,* 252 Iowa 1237, 110 N.W.2d 390; *Rushmore* v. *Lipson,* 257 N.Y.S.2d 316; *Application of Dairyman's League Co-op Association, Inc.,* 274 App. Div. 591, affirmed 86 N.E.2d 509.) The soundness of the Federal cases is attested by the unanimity of opinion and

the desirability of interfering with agency investigations only to the extent required by due process necessities. We share this view.

Of the matters raised by the defendants in their motion to dismiss, the court apparently considered it necessary to pass only on the issue of constitutionality of the investigation. While most of the other claims were clearly outside the proper scope of judicial review, the motion to dismiss the enforcement petition included a three-pronged attack upon the legislative authority of the commission to proceed in its investigation. It charged that the commission was without authority to investigate individual crimes; that it was without authority to investigate the " 'loan shark' or 'juice' racket"; and that the commission was without authority to act in the matter at all due to its failure to file its rules and resolution with the Secretary of State in the time and manner required by section 4 of the act pertaining to Rules and Regulations of State Agencies. (Ill. Rev. Stat. 1965, chap. 127, par. 266). It also questioned the reasonableness of the demand and relevance of the information sought on the ground that the subpoenas did not inform them before whom, or concerning or on behalf of whom, or about what defendants were expected to testify. Since these matters were all within the prevailing rule, herein adopted by us, delineating the boundaries of judicial inquiry, they should have been passed upon by the circuit court.

We believe, however, that no useful purpose would be served here by remanding the cause for a consideration of the remaining issues. There are no disputed factual issues involved. The complaint as to the insufficiency of the subpoenas is to be determined from those documents themselves, and they are before us. In short, the questions involved are as to legal effect and sufficiency, and these questions were presented to the trial court. While not ruled on by it, they were argued there by the defendants and briefed and argued by both parties here. Since defendants

were unhampered by rulings limiting the scope of their presentations, we have the benefit of their research and suggestions in the trial court and here, and there would appear to be no denial of due process or prejudice to any defendant under these circumstances by our consideration of the contentions presented but not ruled on by the trial judge. It is established judicial policy to avoid intervention in investigative agency proceedings, except as due process requirements may necessitate. This policy would seem to require as a corollary the expeditious disposition of litigation involving such agency proceedings so that the functioning of the agency will not be unduly delayed. We accordingly deem it expedient to determine these unresolved issues now. See Ill. Rev. Stat. 1965, chap. 110, par. 92(1)(e).

The alleged lack of authority of the commission to investigate individual crimes or to investigate the "'loan shark' or 'juice' racket" is not pursued before this court, and we need not be concerned with it.

Section 4 of the act relating to Rules and Regulations of State Agencies provides that every rule adopted by an agency shall be filed with the Secretary of State, and further ordains that no rule shall become effective less than ten days after a copy thereof has been so filed. In the present case the commission adopted certain rules on November 17, 1965, and filed them with the Secretary of State on November 22, 1965. As a consequence, defendants claim the resolution of the commission adopted on November 17, 1965, and all subpoenas served before December 5, 1965, the tenth day after the filing of the rules, were null and void and of no legal effect. This contention must fail on two grounds. First, the Illinois Crime Investigating Commission is a legislative commission, (*cf. Sweezy* v. *New Hampshire,* 354 U.S. 234, 1 L. Ed.2d 1311,) and section 1 of the Rules and Regulations Act by its express terms excludes legislative and judicial commissions from the appli-

cation of the act. (Ill. Rev. Stat. 1965, chap. 127, par. 263.) Second, the resolution of the commission and the subpoenas issued were not pursuant to the rules adopted, but were under the statutory authority conferred by sections 7 and 13 of the Illinois Crime Investigating Commission Act. (Ill. Rev. Stat. 1965, chap. 38, pars. 203—7 and 203—13.) Nothing in section 7 requires a resolution of the commission to be filed to give it validity, and the fact that it was not is of no consequence here.

In considering defendants' attack on the reasonableness of the demand and the relevance of the information sought, it is sufficient to point out that the subpoenas and the resolution attached thereto make it apparent that the defendants are being commanded to testify before the Illinois Crime Investigating Commission in reference to the " 'loan shark' or 'juice' racket", and we believe this adequate, particularly in view of the fact that no question is here raised as to the sufficiency of the terms "loan shark" and "juice racket" as describing the activities to be investigated.

Defendants urge that upon denial of their motion to dismiss, they should have been allowed to answer and raise, among other issues, the legality of the investigation, based on a claim that the commission was seeking to expose solely for the sake of exposure. In our judgment, however, the legality of the investigation, as well as the other elements properly considered on judicial review, may be raised by a motion to dismiss the petition for an enforcement order. Due process does not require that a party be given multiple opportunities to raise the same question, and when all matters properly reviewable may be raised and heard on a motion to dismiss, there exists no necessity for further pleadings. Defendants' failure to present all reviewable issues in its motion constituted a waiver of those not presented (*cf. People* v. *Irwin,* 32 Ill.2d 441), and the circuit court did not err in refusing to permit an answer to be filed.

The order of the circuit court of Cook County is affirmed and the cause remanded to that court to enable it to direct defendants' appearance before the commission on such future date as may be appropriate.

*Order affirmed; cause remanded.*