People of the State of Illinois, Plaintiff-Appellee, v.
G. D. Shoemaker, Defendant-Appellant.

Gen. No. 66–145.

Second District.

September 20, 1967.

George H. Schirmer, Jr., of Freeport, for appellant.

Dexter A. Knowlton, State's Attorney, of Freeport, for
appellee.

MR. JUSTICE MORAN delivered the opinion of the
court.

On February 28, 1964, the defendant, G. D. Shoemaker, was charged, in a six-count information, with the offense of official misconduct. (Ill Rev Stats 1961, c 38, § 33–3(a).) On the same date the defendant, with counsel of his own choice, waived indictment by the grand jury, waived trial by jury, entered a plea of guilty after being admonished as to his rights, resigned his office of Justice of the Peace, moved the court for probation and was released upon his own recognizance.

At the time the application for probation was filed, the court referred the request for investigation and report and the defendant's counsel stated:

> ". . . We ask the Court to delay hearing the application for probation until such time as we have a chance to examine the books and records."

The court granted the request and continued the matter without date for further consideration.

It was not until October 13, 1966, that the cause was again called before the court, with another judge presiding, at which time the following colloquy took place:

> By the Court: ". . . As I understand it, the defendant has requested probation, and this hearing would be the hearing of evidence of the offense and hearing in aggravation and mittigation (sic) and a hearing on the request for probation all combined—is that correct . . ."
>
> By the State's Attorney: "It is, your Honor."
>
> By the attorney for the defendant: "That states the situation, your Honor."

During opening statements the State informed the court that it would have no evidence to present in aggravation other than the plea of guilty and an exhibit

showing an agreed upon audit of the defendant's books. The defense then called seven prominent witnesses that attested to the good character and reputation of the defendant. The record reveals that not once throughout the hearing did the defendant offer any objection to the procedure or evidence. At the conclusion, the court granted probation for a period of five years, conditioned upon the defendant being incarcerated in the Illinois State Farm at Vandalia for the first six months thereof. No post-trial motions, either written or oral, were filed.

On appeal the defendant, for the first time, urges error, in that (1) the probation officer's investigation and report was never made or filed with the clerk of the trial court and (2) the court, by delaying the sentencing of the defendant, lost jurisdiction of the cause.

A search of the record fails to disclose that either of the defendant's questions, now raised in this court, were ever presented to the trial court for determination and, since he did not raise any of the questions sought to be advanced here, they are deemed waived. Illinois Crime Investigating Commission v. Buccieri, 36 Ill2d 556, 565, 224 NE2d 236 (1967); People v. Irwin, 32 Ill2d 441, 443, 207 NE2d 76 (1965); People v. Dell, 77 Ill App2d 318, 325–326, 222 NE2d 357 (1966); People v. Carter, 76 Ill App2d 323, 324–325, 222 NE2d 91 (1966). See also, Hon. George N. Leighton, Post-Conviction Remedies in Illinois Criminal Procedure, 3 UILF 540 (1966).

For the reason herein cited, the judgment of the Circuit Court of Stephenson County is affirmed.

Judgment affirmed.

DAVIS, P. J. and ABRAHAMSON, J., concur.