THE DEPARTMENT OF REVENUE, Plaintiff-Appellee, *v.* THE CONTINENTAL ILLINOIS BANK AND TRUST COMPANY, Defendant.—(JULIUS W. BUTLER, Defendant-Appellant.)

(No. 59027;

First District (3rd Division)—March 20, 1975.

Wayne B. Giampietro and Michael M. Ushijima, both of Chicago, for appellant Julius W. Butler.

Mayer, Brown, & Platt, of Chicago (John D. Donlevy, of counsel), for appellant The Continental Illinois Bank and Trust Company.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This appeal is from an order of the circuit court of Cook County directing a bank to comply with an administrative subpoena duces tecum issued by the Illinois Department of Revenue commanding the bank to produce certain records relating to the financial affairs of one of its customers.

On August 22, 1972, the Illinois Department of Revenue (hereinafter "the Department") issued a subpoena duces tecum commanding Continental Illinois Bank and Trust Company (hereinafter "Continental") to appear at a hearing in the office of the Department at a specified date with certain books and records of Continental relating to the State income tax liability of Julius W. Butler for the years 1969-1971.

The records described in the subpoena were "[a]ll signature cards, ledger sheets, deposit tickets, credit memos, debit memos, transfer of fund advices, microfilms of checks charged or deposited; and any and all other records relative to the commercial and savings accounts of Julius W. Butler, and all records of the Hinsdale Golf Club Trust, known as Trust Number 31-57214-1, for the years of 1969, 1970, and 1971." Upon

being served with the subpoena, Continental notified Butler, who in turn informed Continental that its voluntary compliance with the subpoena would be at the risk of a lawsuit brought by him. Continental thereupon refused to voluntarily comply with the subpoena, and the Department filed suit on September 28, 1972, seeking judicial enforcement of its subpoena.

Butler and Continental were joined as defendants. Butler filed his answer and a motion to limit the use of information requested and later moved to dismiss the complaint on constitutional grounds. On January 26, 1973, the trial court granted Butler leave to withdraw his answer and motion to limit, and sustained his motion to strike the complaint. The court noted that conflicting pleadings had been filed by Butler and that it had read and considered suggestions filed by counsel. The court granted leave to the Department to file an amended complaint and defendants to file responses, and set a date for the hearing on the pleadings.

After the Department filed an amended complaint, Butler filed a motion to dismiss two paragraphs on the ground that they stated conclusions of law. On the date set for the hearing on the pleadings, the court granted Continental leave to file a late answer. Butler filed no answer and the record is silent regarding any request to file a late answer. Two weeks later the hearing was held, and the court granted Butler's motion to dismiss two paragraphs of the complaint and then ordered Continental to comply with the subpoena duces tecum.

Butler alone prosecutes this appeal. He contends that the subpoena power vested in the Department pursuant to section 916 of the Illinois Income Tax Act (Ill. Rev. Stat. 1973, ch. 120, par. 9—916(a)) is unconstitutional on its face as a violation of due process. In this constitutional attack, Butler essentially maintains that the power is over-broad and open-ended, that it fatally neglects to require as a precondition to the subpoena's issuance the prior holding of an administrative hearing, that it exacts a prohibitive financial burden on the third-party holder of the materials, that it violates the Federal and State constitutional guarantees of privacy as to both the holder of the materials and the taxpayer, and that it illegally fails to provide the taxpayer with formal notice of the existence of an investigation. Butler further argues that the procedures employed by the trial court violated due process. It has been Continental's position throughout these proceedings that it will readily comply with the subpoena upon court order and final resolution of this dispute.

It seems clear to us that Butler has no standing to challenge the constitutionality of the subpoena power under the statute. It is uncontested that Continental is not only the holder of the requested materials

but is also the owner of them. Yet Continental has not chosen to attack the breadth, reach, or financial responsibilities relative to this provision. Butler has not asserted any established legal privilege, such as attorney-client, any work product claim, or any proprietary interest in regard to the materials. Butler's sole interest in the papers is that they relate to his business relationship with the bank and presumably possess some significance for State income tax purposes. This interest is clearly insufficient to permit the taxpayer to attack the constitutionality of the provision in the manner urged by him. See *Couch v. United States* (1973), 409 U.S. 322; *Donaldson v. United States* (1971), 400 U.S. 517; *United States v. Bank of Commerce* (3rd Cir. 1969), 405 F.2d 931; *Application of Cole* (2nd Cir. 1965), 342 F.2d 5, *cert. denied* (1965), 381 U.S. 950; *United States v. Northwest Pennsylvania Bank & Trust Co.* (W.D. Pa. 1973), 355 F. Supp. 607; *Perkal v. Rayunec* (N.D. Ill. 1964), 237 F. Supp. 102.

■■ There are several reasons for our refusal to entertain the taxpayer's claim of constitutional deprivation in respect to his failure to receive formal notice of the existence of a tax investigation. In the first place, the record fails to disclose that Butler raised this defense in the trial court. Further, he was made a party to the enforcement proceedings, which afforded him sufficient notice in this case. Finally, Butler has not shown how he could have been prejudiced by the lack of formal notice. These events, taken together, undercut Butler's abstract contention. (*United States v. Bank of Commerce* (3rd Cir. 1969), 405 F.2d 931, 934.) We will not entertain objections to the constitutionality of a law unless the objections are made by one whose rights have been, or will be, actually affected injuriously. *Schreiber v. County of Cook* (1944), 388 Ill. 297, 58 N.E.2d 40.

Butler next argues that he was denied due process by the actions taken by the trial court. He first argues that the amended complaint failed to state a valid cause of action. The thrust of this position is that since the trial court struck two paragraphs from the amended complaint, the amended complaint contained less information than the previously struck original complaint, and therefore the amended complaint must be conclusively deemed insufficient as a matter of law.

Putting aside the questions of standing, we find this position to be without merit. There is nothing in the record to suggest that the dismissal order was based upon insufficient factual pleading, as Butler's position suggests. Indeed, his motion to dismiss the complaint was expressly predicated upon constitutional grounds. Yet the fact that the court granted leave to plaintiff to file an amended complaint even negates any inference that dismissal was based on constitutional grounds. Further, whatever grounds may have existed for the order, Butler is unable to

cite any authority requiring the trial court to be bound by its initial order on the pleadings while it has jurisdiction of the cause.

■■ Without passing on the correctness of the trial court's order striking two paragraphs of the amended complaint, we find the amended complaint, as struck, states a valid cause of action. It alleges that Butler had a duty to pay State income taxes; that Continental had the necessary records to establish Butler's proper tax liability for 1969, 1970, and 1971; that these records were in the hands of Continental; that an administrative subpoena duces tecum, attached to the complaint, had been served on Continental; that no voluntary production of the records had been made by Continental; and that a judicial order was necessary to enforce the administrative subpoena.

■■ On its face, the complaint charges that the investigation is being conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information is not in the Department's possession, and that the proper statutory administrative steps have been followed. These conditions, set out in *United States v. Powell* (1964), 379 U.S. 48, as the prerequisites that the Commissioner of the Internal Revenue Service must show to obtain enforcement of his summons, should apply equally, we believe, to our State revenue administrative subpoenas. (See *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill.2d 556, 224 N.E.2d 236, *cert. denied* (1967), 389 U.S. 848.) The amended complaint states a valid cause of action. See *In re Application of Carroll* (S.D. N.Y. 1957), 149 F. Supp. 634, *aff'd* (2nd Cir. 1957), 246 F.2d 762, *cert. denied* (1957), 355 U.S. 857.

Butler's second point under his general claim that the court denied him due process in the manner it conducted the proceedings relates to the court's action in granting the Department its relief. Butler claims that the trial court denied him the opportunity to raise any defenses available to him.

■■■ As our supreme court recognized in *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill.2d 556, once the issues have been joined in an action to enforce an administrative subpoena duces tecum the court should conduct a hearing to determine enforcement. Here, however, no answer was filed, and the record fails to disclose that Butler was denied the opportunity to file an answer. In the absence of any dispute, the court was not bound to conduct a superfluous hearing. (See *United States v. Newman* (5th Cir. 1971), 441 F.2d 165.) The burden of inquiring into the legitimacy of the purpose of the issuance of the summons and the relevancy of the requested documents lies with the defendant, not the court. (*United States v. Powell* (1964), 379 U.S. 48.) Finally, Butler's main grievance in this regard appears to be the denial of his right to

bring before the court the issue of illegitimate purpose. Even if the court forbade him the right to file an answer, this question could have been raised in the motion to dismiss. Butler's failure to raise this issue in his motion to dismiss part of the amended complaint waived the issue, and the court would not have erred in refusing to permit him to file an answer. *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill.2d 556, 565.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.