695 N.E.2d 1283 (1998)
296 Ill. App.3d 752
231 Ill.Dec. 164
In re A.M., a Minor (The Department of Children and Family Services, Petitioner,
v.
G.M., Respondent (Patrick T. Murphy, guardian ad litem on behalf of A.M., Appellant)).
No. 1-97-1259.
Appellate Court of Illinois, First District, Second Division.
May 19, 1998.
*1284 Patrick T. Murphy, Lee Ann Lowder, Daniel Halvorsen, Office of the Cook County Public Guardian, Chicago, for Appellant.
Justice COUSINS delivered the opinion of the court:
A.M., a minor female, was the subject of a child abuse and neglect proceeding under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-1 et seq. (West 1992)). At an adjudicatory hearing in the proceeding, the parties stipulated that A.M. had been sexually abused and neglected by being exposed to an injurious environment. The stipulation and admitted evidence identified, by name, the perpetrator of the sexual abuse as the paramour of A.M.'s mother. The court denied the request of the State's Attorney and the guardian ad litem to make a judicial finding naming the perpetrator, reasoning that to do so would violate the perpetrator's due process rights. On appeal, A.M., through her guardian ad litem, argues that the trial court erred in refusing to name the perpetrator of sexual abuse, as he was a nonparty to the proceeding whose due process rights were, therefore, not implicated.

BACKGROUND
A.M. is an 11-year-old girl who was the subject of a child abuse and neglect proceeding. On October 7, 1996, the Illinois Department of Children and Family Services (DCFS) filed petitions for adjudication of wardship on behalf of A.M. and her two older siblings. That same day, the juvenile court judge granted temporary custody of the three children to the DCFS guardianship administrator without prejudice to their mother, G.M.
On October 8,1996, the circuit court held a contested temporary custody hearing. The court heard evidence of the outcry statements that A.M. had made to her school officials and to others in a victim-sensitive *1285 interview. In this interview, A.M. described fondling, exposure, and digital and penile penetration by her mother's paramour, G.R. The court also heard evidence of the findings of the Pediatric Ecology Program of Grant Hospital, where A.M. had been evaluated. Finally, the court heard testimony regarding A.M.'s relationships with her family members.
At the conclusion of the hearing, the court found probable cause to believe that the children had been abused or neglected, but it found no urgent and immediate necessity to support their removal from G.M.'s custody. The court entered an order of protection against the mother, requiring, inter alia, that G.M. ensure that her children have no contact with her former paramour, G.R.
In January 1997, a stipulated trial as well as a dispositional hearing were held. The parties agreed to facts establishing that A.M. had been sexually abused by G.R. The court ultimately made the following findings with respect to A.M.:
"[A.M.] has been both neglected and abused having been exposed to an injurious environment, which under Illinois law is neglect[,] and having been the victim of sexual abuse, which under Illinois law is abuse. I'm not naming a perpetrator of that abuse because the allegation is that it was a paramour of [the] mother; and, while that paramour is named, it is my feeling that it would be denial of his due process rights to make such a finding since he is not permitted to participate in these proceedings * * *. He had been asked to leave. He is not a party to these proceedings and can present no response to the allegations; and, because of that, * * * I believe it would be denial of due process under the United States [and] Illinois Constitution[s] to make that finding, to name him as a perpetrator."
In addition, the court found that A.M.'s siblings were neglected based on living in an injurious environment. Consequently, the dispositional hearing concluded with the court's adjudication of the children as wards of the court and its order stating that the children remain in G.M.'s custody under an order of protection with terms identical to the previous order of protection prohibiting G.M. from allowing any contact between G.R. and her children.
At the above adjudicatory hearing, the guardian ad litem asked the court to reconsider its decision not to make a finding that specifically named G.R. as the perpetrator of the sexual abuse. The trial court once again denied the request on reconsideration, reiterating its concern over a possible due process violation. The guardian ad litem made an additional request to reconsider this issue by written motion. The court heard and denied that motion on March 5, 1997. The guardian ad litem brings this appeal from the trial court's order refusing to name the perpetrator of sexual abuse in its findings and the denial of A.M.'s posttrial motion to reconsider.
We affirm.

ANALYSIS
Initially, we note that only an appellant's brief has been filed and that, due to the nonadversarial nature of the instant child abuse and neglect proceedings, there is no appellee before the court. The record before us, however, is simple, and the trial errors claimed by appellant are such that we can render a decision based upon appellant's brief alone. See First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill.2d 128, 133, 345 N.E.2d 493 (1976); Mostafa v. City of Hickory Hills, 287 Ill.App.3d 160, 168, 222 Ill.Dec. 513, 519, 677 N.E.2d 1312, 1318 (1997).
The guardian ad litem contends that the trial court erred by failing to make a specific finding naming the perpetrator of sexual abuse. As a rule, a trial court's decision as to whether certain findings should be made is within the court's sound discretion and will be altered only upon a showing that the court abused its discretion. See In re Marriage of McHenry, 292 Ill.App.3d 634, 639, 226 Ill.Dec. 887, 891, 686 N.E.2d 670, 674 (1997); People v. Warner, 146 Ill.App.3d 370, 383, 99 Ill.Dec. 918, 927, 496 N.E.2d 1010,1019 (1986) (trial court did not abuse its discretion by failing to make specific finding as to defendant's rehabilitative potential, where such a finding was not required).
*1286 McHenry is instructive. In McHenry, a divorce proceeding, the trial court did not make a specific valuation of certain marital property before distribution. The petitioner contended on appeal that the absence of such a finding constituted reversible error. The appellate court, however, stated: "we do not find that the trial court abused its discretion, where it had ample evidence upon which it could have based its distribution, and no specific valuation of marital assets was mandated." McHenry, 292 Ill.App.3d at 639, 226 Ill.Dec. at 891, 686 N.E.2d at 674.
Similarly, in the case sub judice, we do not believe that the trial court abused its discretion by declining to specifically name the perpetrator of the sexual abuse in its judicial findings. Our review of the record establishes that the trial court made sufficient findings in accordance with section 2-21(1) of the Act, which states in pertinent part:
"After hearing the evidence the court shall determine whether or not the minor is abused, neglected, or dependent. * * * The court's determination of whether the minor is abused, neglected, or dependent shall be stated in writing with the factual basis supporting that determination." 705 ILCS 405/2-21(1) (West 1994).
In our view, the trial court's findings that A.M.'s neglect and abuse were due to her exposure to an injurious environment and sexual abuse constituted sufficient factual bases for its determinations. Additional specific findings are unnecessary to render valid a determination of neglect or abuse. Moreover, such specific findings are not mandated by section 2-21 of the Act. Furthermore, while we recognize the myriad child abuse and neglect cases in which trial courts make findings naming the abusers, those cases involve perpetrators who are parents, guardians, legal custodians, or relatives and, therefore, named parties properly before the court. Significantly, appellant has cited no case wherein an abuser was not a party to a child abuse and neglect proceeding but was, nonetheless, named as the perpetrator in the adjudicatory order.
The appellant also argues that, notwithstanding the existing order of protection, it is in the best interest of the minor that the trial court make a specific finding in the adjudicatory order that G.R. is the perpetrator of sexual abuse. We disagree. In our view, a specific finding in the adjudicatory order is unnecessary to protect the minor, because G.R. has already been named frequently throughout the proceedings and was named in the original and final orders of protection. Indeed, the trial court specifically ordered in its supplemental protective order conditions that, "[s]hould [named perpetrator] make contact with or attempt to make contact with the mother or minors, the mother shall contact the DCFS or private agency caseworker and the local police department." Therefore, the perpetrator is sufficiently known, and naming him as the sexual abuser in the adjudicatory findings is not needed to ensure proper and continued enforcement of the order of protection.
The guardian ad litem further contends that the trial court erred by refusing to name G.R. as A.M.'s sexual abuser in its findings, because the Act neither confers party status on a paramour of a child's parent nor establishes any right of a paramour in the proceedings who is not the object of an order of protection. The guardian ad litem partially bases its argument upon section 2-25(7) of the Act, which provides in relevant part:
"A person against whom an order of protection is being sought who is neither a parent, guardian, legal custodian or responsible relative * * * is not a party or respondent * * *. Such person does not have a right to appointed counsel or to be present at any hearing other than the hearing in which the order of protection is being sought or a hearing directly pertaining to that order. Unless the court orders otherwise, such person does not have a right to inspect the court file." 705 ILCS 405/2-25(7) (West 1992).
The guardian ad litem concludes that, because G.R. had no standing or right to appear before the trial court in A.M.'s case, he had no due process rights at stake. Due process of law is a fundamental right. People v. Cooper, 132 Ill.2d 347, 365, 138 Ill.Dec. 282, 547 N.E.2d 449 (1989), citing Illinois Crime Investigating Comm'n v. Buccieri, 36 *1287 Ill.2d 556, 560, 224 N.E.2d 236 (1967). If a determination of the personal liability of a defendant is involved, the defendant must be brought within the state's jurisdiction by proper service of process or the defendant's voluntary appearance. East St. Louis Federation of Teachers, Local 1220 v. East St. Louis School District No. 189 Financial Oversight Panel, 178 Ill.2d 399, 419-20, 227 Ill.Dec. 568, 687 N.E.2d 1050 (1997), citing Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976).
Significantly, however, no proceedings were undertaken by the State in the instant case to obtain an order of protection against G.R. Rather, the proceedings were undertaken to obtain an order of protection against A.M.'s mother, G.M., requiring that G.M. ensure that her children have no contact with her former paramour, G.R. Since no proceedings were undertaken in this case to obtain an order of protection against G.R., it is our view that G.R.'s procedural due process rights were not triggered simply by being identified as A.M.'s aggressor in the evidence and in the order of protection issued against G.M. The child neglect and abuse proceedings at issue were nonadversarial and noncriminal in nature. A.M.'s mother, and not G.R., was the object of the resulting order of protection, and G.R. was not charged with any criminal offense.
We are mindful, however, that the Act does empower the State to seek and obtain an order of protection against a paramour and that, where an order of protection is sought against a paramour, that individual has the right to be present and to be heard. 705 ILCS 405/2-25(7) (West 1992). We do not know why the State elected not to seek an order of protection against G.R., the paramour, in this case. We note that, although the State elected not to implicate the paramour's procedural due process rights by not seeking an order of protection against him, the State has adopted the appellant's brief in the instant appeal. Yet, one consequence of naming G.R. as the perpetrator of sexual abuse in the adjudicatory order is allowing the State to obtain a court adjudication that G.R. has committed an onerous act without affording him an opportunity to be heard.
G.R. is not a party. He does not have a right to be heard. Although he has been named in an order of protection, no order of protection has been entered against him. The guardian ad litem posits on appeal that a finding in a juvenile court proceeding that G.R. sexually abused the minor would not be an adjudication against him, since "findings in juvenile proceedings are made with respect to the child, not for or against any party." The trial court was fully mindful of the purpose and parameters of juvenile court proceedings and, in denying the guardian ad litem's request on reconsideration to specifically name G.R. as the perpetrator of sexual abuse, the trial court stated in part:
"[W]hile in theory Juvenile Court proceedings are to be private, in fact, as I look out of this private courtroom, I see State's Attorneys; Public Guardians who are not necessarily associated with this case; * * * and others who are sitting in this courtroom * * *; and, for the Court to make so onerous a finding as to declare that somebody is the perpetrator of sexual abuse to a minor without that party ever having an opportunity and by law being precluded from having an opportunity in these proceedings to in any way respond to those allegations would, as I indicated, be a denial * * * of the due process rights of that individual."
"`The essence of due process is "fundamental fairness."'"
People v. McCauley, 163 Ill.2d 414, 441, 206 Ill.Dec. 671, 645 N.E.2d 923 (1994), quoting People ex rel. Burris v. Ryan, 147 Ill.2d 270, 310, 167 Ill.Dec. 903, 588 N.E.2d 1033 (1991) (Bilandic, J., dissenting), quoting Lassiter v. Department of Social Services, 452 U.S. 18, 24, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640, 648 (1981). In our view, a trial court's finding in the adjudicatory order naming G.R. as the perpetrator of an onerous offense would have, as the trial court indicated, violated the fundamental principles of due process. See also Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); City of Chicago v. Morales, 177 Ill.2d 440, 227 Ill. Dec. 130, 687 N.E.2d 53 (1997).
Accordingly, we hold that the trial court did not err by refusing to name G.R. in its *1288 judicial findings as the perpetrator of sexual assault. The decision of the trial court is affirmed.
Affirmed.
RAKOWSKI and TULLY, JJ., concur.